Lee CARTER, Appellant,

v.

Douglas HEGAR, d/b/a Hegar Services, Appellee.

No. 13098.

Court of Civil Appeals of Texas, Austin.

Feb. 20, 1980.

Allan I. Schneider, Giddings, for appellant.

Roy J. Henderson, Henderson & Eidman, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Douglas Hegar, doing business as Hegar Services, sued appellant Lee Carter in the district court of Lee County, asserting that by virtue of a contract to build a gravel road, appellee had provided certain labor, materials and equipment. Appellee brought suit in the form of a sworn account in accordance with Rule 185, Texas Rules of Civil Procedure (1976), seeking money damages, and for attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp.1980). After trial to the court, judgment was rendered for appellee in the amount of $1,923.47 on the verified account and for attorney's fees in the amount of $300.00.

We affirm the portion of the judgment which relates to recovery of appellee's principal claim and reverse the portion of the judgment awarding attorney's fees to appellee.

Appellee's petition conforms to the requirements of a sworn account brought pursuant to Rule 185. Appellee prayed for damages in the sum of $2,470.13, attaching his invoice as proof of such claim. Appellant Carter replied with a sworn denial that he was indebted to appellee in the amount prayed for. The answer did not contain a denial stating that any or all of the account items were not just and true as required by Rule 185. The trial court, after hearing evidence, entered judgment awarding appellee $1,923.47.

Appellant asserts on appeal that the trial court erred in rendering judgment for less than the amount pleaded because the suit was based on a sworn account, that the trial court erred in failing to file its findings of fact and conclusions of law, and the trial court erred in rendering judgment for attorney's fees because the relationship between the parties was based upon a special contract.

The rules governing actions on sworn accounts are construed narrowly by our courts. A claim on a sworn account, when properly styled and verified, constitutes *prima facie* evidence of the validity of the claim unless the opposing party files a written denial under oath stating that some or all of the account items are not just and true. If the defendant fails to file a written denial under oath and in the form provided, he will not be permitted to dispute receipt of the items or services or the correctness of the stated items. *Airborne Freight Corporation v. CRB Marketing, Inc.,* 566 S.W.2d 573 (Tex.1978); *Brown v. Clark,* 557 S.W.2d 558 (Tex.Civ.App.—Texarkana 1977, no writ); *Wilson v. Browning Arms Co.,* 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Akins v. Coffee,* 376 S.W.2d 953 (Tex. Civ.App.—Dallas 1964, writ dism'd).

Although appellant failed to file an answer in conformance with Rule 185, appellee put on proof of his claim. The evidence was that appellant requested appellee, who was in the road building business, to build a gravel road, haul some gravel, and build a pad on which to set a mobile home. Appellant presented testimony which conflicted with appellee's evidence, the point in contention being that appellee did not provide the amount of materials as stated on the invoice and that appellee overstated the man-hours required to complete the project. After hearing the evidence, the trial court rendered judgment that appellee recover the principal sum of $1,923.47, although appellee's sworn petition prayed for recovery in the amount of $2,470.13.

In his first two points of error appellant complains that the trial court erred in rendering judgment for a lesser amount than prayed for by appellee, in that by doing so the court apparently awarded damages under the theory of *quantum meruit.* Appellant thereupon alleges that there was insuf-

ficient evidence to support a recovery under the theory of *quantum meruit.* Appellant further complains that the trial court erred in failing to file findings of fact and conclusions of law as requested, and that such failure denied appellant his right to know which theory the court employed to achieve the result stated in the judgment.

## I.

■ As previously noted, if the plaintiff satisfies all requirements of Rule 185, the sworn account is taken as *prima facie* evidence if the opposing party fails to file a properly sworn denial. *Hassler v. Texas Gypsum Company,* 525 S.W.2d 53 (Tex.Civ. App.—Dallas 1975, no writ). By this rule, appellee was entitled to judgment pursuant to his sworn account. For some unknown reason the trial court did not award the full amount of the account. If error exists, only appellee was harmed, and he has not chosen to complain of this action of the trial court. See Rule 420, Texas Rules of Civil Procedure.

■ Appellant cannot complain of this action by the trial court for yet another reason. Appellant requested that the trial court file findings of fact and conclusions of law. Rule 296, Texas Rules of Civil Procedure. However, the trial court did not comply with this request within the time provided by the rule. Although appellant timely made his request, the record does not show that he thereafter complied with Rule 297 of the Texas Rules of Civil Procedure by calling to the attention of the judge that he had failed to prepare and file findings of fact and conclusions of law. Rule 297 states in part:

".   .   . If he [the trial judge] shall fail so to prepare them [findings of fact and conclusions of law], the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

By failing to comply with Rule 297, appellant cannot complain of the trial court's failure to file findings of fact and conclusions of law. *Rainwater v. Milfeld,* 485 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Vanity Fair Properties v. Billingsley,* 469 S.W.2d 453 (Tex.Civ.App.— San Antonio 1971, writ ref'd n. r. e.). Appellant's points of error one and two are overruled.

## II.

■ Appellant's final point of error complains of the trial court's award of attorney's fees to appellee. Appellant urges that his relationship with appellee was based upon a special contract and not a sworn account as required by Tex.Rev.Civ. Stat.Ann. art. 2226 (Supp.1980). Appellant is correct in this contention and we reverse the judgment awarding attorney's fees and render judgment that appellee take nothing in this respect.

Prior to 1931 the predecessor statutes to Rule 185 were limited to suits "founded on an open account."[1] The leading case to first interpret these statutes was *McCamant v. Batsell,* 59 Tex. 363 (1883). The Supreme Court held that the statute in question[2] applied only to open accounts in which there was a sale on one side and a purchase on the other side where title to personal property passes from one person to another creating the relationships of creditor and debtor.

In 1931 the statute[3] was amended to include language paralleling the current Rule 185. The pertinent changes were the allowance of suits "for liquidated money

---

1. The statutes have appeared in various forms since originally enacted in 1874. The original statute appeared at Tex.Laws 1874, ch. 43, § 1, at 54 and 55, H. Gammel, *Laws of Texas,* 52 (1898). The act was amended in 1879 as Tex. Civ.Stat. art. 2266 (1879). Subsequently, art. 2266 was codified as Tex.Rev.Civ.Stat. art.

3712 (1895) and later as art. 3736 (1925). Article 3736 is the immediate predecessor to Rule 185.

2. Article 2266.

3. Article 3736.

demands based upon written contracts or based on business dealings between the parties, or for personal services rendered . ." The effect of the amendment was to enlarge the class of claims which could be brought by way of a sworn petition with the appropriate attached exhibits. The rule of *McCamant v. Batsell, supra,* of course became obsolete, since suits by sworn petition were not to be limited to open accounts.[4]

Article 2226 authorizes attorney's fees in any suit "founded upon a sworn account or accounts." The leading case of *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958), interpreted the language of Art. 2226 allowing attorney's fees in a suit on a sworn account. Noting that Rule 185 is merely a rule of procedure with regard to evidence necessary to establish a *prima facie* right of recovery, the Court held that "sworn account" as used in Art. 2226 applies only to "open accounts." Adopting the *McCamant v. Batsell, supra,* definition of "open account," the Court stated:

> "It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract[s]."

The Court held that even though the action there was such that it could be brought in the form of an action under Rule 185, it was not a suit on a sworn account within the meaning of Art. 2226 because the action did not come within the definition of sworn (open) account as set out in the case.

■ For example, a claim for "services rendered" is proper under Rule 185, but would not fit the *Meader's* definition of "sworn account" allowing recovery of attorney's fees under Art. 2226. See *Langdeau v. Bouknight,* 162 Tex. 42, 344 S.W.2d 435

(1961); *Dolenz v. Employers Casualty Company,* 504 S.W.2d 625 (Tex.Civ.App.—Fort Worth 1974, no writ); *Guay v. Schneider, Bernet & Hickman, Inc.,* 341 S.W.2d 461 (Tex.Civ.App.—Waco), *writ ref'd per curiam,* 161 Tex. 560, 344 S.W.2d 429 (1961).

Returning to the case at bar, we hold that the transaction between the parties rested upon a special contract and was not a sworn (open) account which would allow recovery of attorney's fees. Article 2226 permits recovery of attorney's fees in certain types of action, among which is a "sworn account." Appellee sought attorney's fees under this portion of Art. 2226 only. Since he did not seek recovery of attorney's fees under any other specific heading, as "personal services rendered," "labor done," etc., as set out in the statute, the trial court erred in awarding attorney's fees. *Langdeau v. Bouknight, supra.*

The portion of the judgment awarding attorney's fees is reversed and judgment is here rendered that appellee take nothing as to attorney's fees. In all other respects, the judgment is affirmed.

Reversed and Rendered in Part and Affirmed in Part.

SMITH, J., not sitting.

---

4. Much of the historical background has been taken from a recent South Texas Law Journal article. See Tomasic and Kieval, *Sworn* *Accounts and Summary Judgment Proceedings in Texas: A Proposed Change,* 17 S.Tex.L.J. 147 (1976).