Mary Elizabeth BRIGHTWELL, Independent Executrix of the Estate of William Nathan Brightwell, Deceased, Appellant,

v.

BARLOW, GARDNER, TUCKER & GARSEK, a Professional Corporation, et al., Appellees.

No. 18424.

Court of Civil Appeals of Texas, Fort Worth.

June 18, 1981.

Holmes & Gamble Law Office, and Clifton L. Holmes, Kilgore, for appellant.

Michael T. Watson, Simon, Peebles, Haskell, Gardner & Betty, and Anne Gardner, Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is a suit on a sworn account for professional legal services rendered to William Nathan Brightwell prior to his death. Summary judgment was granted for the plaintiff/appellee law firms. Defendant/appellant appeals.

We affirm.

Suit was brought against Brightwell's widow as Independent Executrix of his Estate in the form of a sworn account alleging personal services rendered on which a systematic record had been kept. The appellees also alleged an oral contract for services. Pursuant to Tex.R.Civ.P. 185 the orig-

inal petition and account statements attached thereto were duly verified with supporting affidavits of Anne Gardner and Richard Tucker members of the appellee law firms, based upon their personal knowledge that the claims were just and true.

Appellant Mary Elizabeth Brightwell, Independent Executrix of the Estate of the Deceased, answered by filing an unsworn general denial. Thereafter, Plaintiffs filed their motion for summary judgment based on the pleadings and affidavits attached to the motion. Appellant then filed a "Defendant's Response to Plaintiff's Motion for Summary Judgment" in which no objections or exceptions were made to the motion for summary judgment. Appellant only requested leave to file her opposing affidavit and that of her son, Dr. Nathan L. Brightwell.

In their original petition, appellee law firms alleged that William Nathan Brightwell, through members of his family, had retained them to perform professional legal services on May 5 and 6 of 1979; that they met with Mr. Brightwell and the members of his family, including Mary Elizabeth Brightwell, on May 6, 1979; and that plaintiffs did in fact perform professional services and incur expenses as set out in the account statements attached to the petition.

The account statements indicate that Anne Gardner was initially contacted on May 5th on behalf of the deceased, by Mr. and Mrs. Hutto, daughter and son-in-law of the deceased, that she reviewed the will of Mr. Brightwell on that date, talked with Richard Tucker and requested his assistance regarding tax provisions in the Will. Thereafter, she and Richard Tucker traveled to Dallas on May 6, 1979, and conferred at Baylor Hospital with Mr. Brightwell and other members of his family for seven hours.

The account statements further reflect that Richard Tucker prepared a codicil to the Will which he gave to Mrs. Hutto with instructions for its execution and that he on that date had further conversations with Dr. Brightwell, son of the Testator, and Clifton Holmes, the attorney who had prepared the original Will and who now represents the Estate.

In her affidavit attached to the response to appellees' motion for summary judgment, Mrs. Brightwell stated that she did not agree to pay any attorney's fees to plaintiffs. She denied any oral agreement and further denied that any services performed directly or indirectly by the appellees benefitted her or the deceased. The son of William Nathan Brightwell stated in his affidavit that the claims of plaintiff were "misdirected" against the Estate as sworn to him by his father on his deathbed and that, in effect, the services of Plaintiffs were not sought by him but solely by Mr. and Mrs. John Hutto.

On June 6, 1980, after a hearing on the motion for summary judgment and a trial at which the Court heard evidence limited to the issue of reasonable attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp.1980–81), judgment was rendered for appellees awarding the sum of $936.63 to Barlow, Gardner, Tucker & Garsek with interest of $24.33 and reasonable attorney's fees in the amount of $400.00. To Simon, Peebles, Haskell, Gardner & Betty, the judgment awarded the sum of $500.00; with interest of $12.99 and attorney's fees of $200.00.

Appellant first contends that there is a genuine issue of material fact created by her counter-affidavits denying the oral contract, the authority of Mrs. Hutto to retain Appellees on behalf of Mr. Brightwell, the reasonableness of the charges, and the existence of the client-attorney relationship.

We disagree and find that the counter affidavits filed by the appellant to be formally insufficient to raise the points asserted in them.

Tex.R.Civ.P. 185 provides, in part, that when any action is "for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept," and is supported by the affidavit of the party as required by the rule, then the same "shall be taken as prima facie evidence thereof," unless the defend-

ant files a written denial, under oath, stating that "each and every item is not just or true, or that some specified item or items are not just and true; . . . . *When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.*" (Emphasis added.)

In addition, Tex.R.Civ.P. 93(k), requires that the following matters shall be verified by affidavit *in the answer of the Defendant:*

"(k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just and true."

■ Strict adherence to the requirements of these rules is uniformly required by our courts. See, *Crystal Investments v. Manges,* 596 S.W.2d 853 (Tex.1980); *Edinburg Meat Products Co. v. Vernon Co.,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Carter v. Hegar,* 595 S.W.2d 612 (Tex.Civ.App.—Austin 1980, no writ); *Brown v. Clark,* 557 S.W.2d 558 (Tex.Civ. App.—Texarkana 1977, no writ); *Youngblood v. Central Soya Company, Inc.,* 522 S.W.2d 277 (Tex.Civ.App.—Fort Worth 1975, writ ref'd. n. r. e.).

■ The effect of the failure to follow rule 185 is that the defendant is precluded from raising a fact issue. She is not permitted to dispute the receipt of the items or services rendered or the correctness of the stated items. *Airborne Freight Corp. v. CRB Marketing, Inc.,* 566 S.W.2d 573 (Tex. 1978). Nor is she permitted to deny the claim, *Wilson v. Browning Arms Company,* 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd) or to raise an issue that she did not owe the account or that it was wrongfully charged to her. *First National Bank of San Angelo v. Sheffield,* 475 S.W.2d 820 (Tex.Civ.App.—Austin 1972, no writ). Nor will she be permitted to deny that the deceased received the benefit of the plaintiff's services. *Wauson & Wil-*

*liams, Etc. v. Reeder Dev. Corp.,* 572 S.W.2d 24 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Her failure to plead correctly constitutes an admission that the account is correct and no fact issue as to its validity is presented. *Brown v. Clark, supra.*

■ It is well settled that the denial of a verified account must be in the exact language of the rules. The courts have been extremely exacting in the nature of the language used in denying the account. *Sigler v. Frost Bros. Inc.,* 555 S.W.2d 813, 816 (Tex.Civ.App.—El Paso 1977, no writ); *Jeffrey v. Larry Plotnick Co., Inc.,* 532 S.W.2d 99, 101 (Tex.Civ.App.—Dallas 1975, no writ).

The strict adherence to the rules required by the courts is illustrated in *Crystal Investments v. Manges, supra* at 854. In that case, the Supreme Court of Texas held that a supplemental answer raised only a general denial and did not meet the requirements of rule 185 where it stated the following:

"Your Defendant denies that he owed the plaintiff the sums sued upon in his petition, or any part thereof, and that the said amount is not just and true in whole or in part, . . . ."

The trial court had struck this supplemental answer and had rendered judgment for the plaintiffs after refusing to allow the defendant to put on any evidence. The Supreme Court affirmed the judgment for the plaintiff, holding that the trial court's action was proper.

*Zemaco, Inc. v. Navarro,* 580 S.W.2d 616 (Tex.Civ.App.—Tyler 1979, writ dism'd), was a case similar to the one before this court. The defendant's answer failed to comply with rule 185, and the plaintiff filed a motion for summary judgment. The defendant then filed an instrument entitled "Affidavit in Opposition to Plaintiff's Motion for Summary Judgment." In that instrument, he averred that he never had an account with the plaintiff, that the goods were not sold or delivered to him, and that he did not promise to pay for them. He further stated: "[E]ach and every item is not just and true."

The trial court denied the plaintiff's motion for summary judgment and rendered judgment for the defendant after a trial. *Zemaco, Inc. v. Navarro, supra* at 620, however, reversed and rendered judgment for the plaintiff as a matter of law. In so acting, the court held that rules 185 and 93(k), when applied together, "require that the language necessary to effectively deny the justness and/or truth of the plaintiff's sworn account must appear in a pleading of equal dignity with the plaintiff's petition, and therefore must appear in the defendant's answer." Even assuming that the language used in the affidavit was technically sufficient, the court stated at 620:

"An affidavit filed in opposition to a motion for summary judgment does not comprise a part of the defendant's answer to the plaintiff's petition. The fact that such an affidavit in the instant case contained the language referred by Rule 185, does not render it an effective denial of plaintiff's account. Appellant's account and verified affidavit, not being effectively denied, constituted prima facie evidence which entitles it to recover...."

■ Summary judgment is proper in a rule 185 suit on a sworn account solely upon the plaintiff's verified petition where the defendant, as here, has failed to file a sworn denial. In such a case, there is no issue of fact as to whether the defendant owes all or a part of the account. See, *Youngblood v. Central Soya Company, Inc., supra; Wilson v. Browning Arms Company, supra; Brown v. Clark, supra.* The procedure is discussed by Judge David Hillner in his article entitled *Summary Judgment in Texas,* 43 Tex.B.J. 11, 18 (1980).

"When the party opposing the claim fails to file a sworn denial in correct form, there is no issue of fact raised as to whether all or part of the account is owed. Therefore, summary judgment is properly rendered. In a case on a sworn account you can secure what is essentially a summary judgment on the pleadings, as non-compliance with Rule

185 basically concludes that there is no defense and you are 'not in court.' See *Hidalgo v. Surety Savings & Loan Association*." [1]

In this case, Appellant filed only a general denial and made no effort whatsoever to comply with the rules. Her affidavits, filed later in opposition to the motion for summary judgment, may have attempted to deny the claim but the language of the affidavits in no way tracked the language of the rules. Her pleadings and affidavits are thus totally insufficient to constitute an effective denial of the sworn account of the appellees. The net result is that the appellant, under established law, was not permitted to raise fact issues on the grounds stated in her affidavits and the plaintiffs were entitled to judgment as a matter of law. We overrule the appellant's first point of error.

■ Appellant next contends that the trial court erred in considering the affidavit of Richard Tucker which she describes as being the only proof offered to support the basis for recovery by Appellees. We find that this complaint is waived because it was not raised in the trial court.

Tex.R.Civ.P. 166-A, as amended in 1978, states in part as follows: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal ...." Section (e) of that rule further provides: "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend...."

In the recent case of *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979), the Supreme Court of Texas set out the history and the effect of the recent amendments to the summary judgment rules, the purpose of which was to require the non-movant to define specifically in writing the controverted issues as

1. 462 S.W.2d 540 (Tex.1971, in which the Supreme Court stated at page 543, footnote: "In such cases summary judgment does not rest on proof supplied by pleadings, sworn or unsworn, but on deficiencies in the opposing pleadings...."

well as defects in the movant's proof that would defeat the motion. The Court stated: "Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing." Having failed to object to any inadmissibility of the affidavit of Richard Tucker on the ground that its consideration was precluded by the Dead Man's Statute, Tex.Rev.Civ.Stat.Ann. art. 3716 (1926), appellant cannot now complain on this ground for the first time on appeal.

Even prior to the 1978 amendment to rule 166–A, this court held that an objection to an affidavit in support of a motion for summary judgment on the grounds that the witness was disqualified under art. 3716 was waived by failure to object at the proper time. *McNeil v. Lovelace,* 529 S.W.2d 633 (Tex.Civ.App.—Fort Worth 1975, no writ). In that opinion this Court quoted from *Collins v. Smith,* 142 Tex. 36, 175 S.W.2d 407, 409 (1943), as follows:

"Petitioner insists that this testimony had no probative force even if admitted without objection. The disqualification of witnesses under Art. 3716, supra, can be waived by failure to object at the proper time and for the proper reason, and when the disqualification is so waived the testimony has probative force. *Besteiro v. Besteiro,* 65 S.W.2d 759 (Tex.Com.App.); *Adam v. Adam et al.,* 127 S.W.2d 1001 (Tex.Civ.App.); 14 Tex. Jur., p. 329, sec. 544."

In *McNeil, supra,* this Court held that it was the duty of the defendants who were present through their attorneys at the hearing on the motion to have objected to the affidavit on the basis of the disqualification contained in the Dead Man's Statute and to cause the record to reflect that fact. Having failed to do so, they waived that objection on appeal.

We overrule appellant's second point of error.

■ Appellant's final contention is that the trial court had no jurisdiction and that the County Court or District Court of Rusk County, Texas, where the estate was pending, was the Court of proper jurisdiction. The case cited by appellant, *Podgoursky v. Frost,* 394 S.W.2d 185 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.), concerns the procedure where an administrator ceases to act in such capacity and whether failure to follow the proper procedure would render a judgment void for lack of jurisdiction over the estate. We find that *Podgoursky* does not apply here as this suit was properly filed against the independent executrix of the estate of the decedent pursuant to Tex.Prob.Code Ann. §§ 145, 146 and 147 (1980).

The Court in which this estate was pending in Rusk County had no jurisdiction whatsoever of this suit. See *Wood V. Paulus,* 524 S.W.2d 749, 759 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *State v. Traylor,* 374 S.W.2d 203 (Tex.1963). The purpose of the Tex.Prob.Code Ann. § 145 (1980) is to free the independent executor from the control of the Probate Court. Those statutes pertaining to independent executors give the district court or county court, but not the probate court, jurisdiction of all claims against an estate administered by an independent executor as in any other cause of action not regulated by special statute. *Rowland v. Moore,* 141 Tex. 469, 174 S.W.2d 248 (1943). The District Court in Tarrant County clearly had jurisdiction to entertain the cause of action of the appellees.

"Jurisdiction" actually deals with the power of a court to determine an action involving a particular subject matter as between the parties and to render a certain judgment. "Venue" deals with the propriety of prosecuting a suit in a particular county. 1 *McDonald, Texas Civil Practice,* § 4.02, (1965). It is our opinion that appellant is questioning venue and not jurisdiction.

■ Appellant's real complaint is that venue of this case was properly in Rusk County were the deceased resided and where the probate of his estate was filed. However, this complaint, even if viewed in that manner, is without merit. Under Tex. Rev.Civ.Stat.Ann. Art. 1995 (1964), Mary Elizabeth Brightwell had the privilege to be

sued in the county of her residence. Under subdivision 6 of Art. 1995, where suit is against an executor to establish a money demand against an estate, suit may also be brought in the county in which such estate is administered. This exception is for the benefit of a plaintiff and does not benefit a defendant. Furthermore, a defendant must take advantage of his right to be sued in the county of his residence by filing a plea of privilege under the provision of Tex.R. Civ.P. 86. Appellant did not file a plea of privilege in this case and any right to be sued in Rusk County was thereby waived. We overrule appellant's third and final point of error.

Judgment affirmed.