Juan R. SALDIVAR, et al., Appellants,

v.

FACIT–ADDO, INCORPORATED,
Appellee.

No. 7085.

Court of Civil Appeals of Texas,
El Paso.

July 22, 1981.

Guevara, Rebe & Baumann, Colbert N. Coldwell, El Paso, for appellants.

Gade & Schwarzbach, P.C., Thor G. Gade, El Paso, for appellee.

OPINION

WARD, Justice.

The Appellants appeal from a judgment of the trial Court imposing sanctions under Rule 168, Tex.R.Civ.P., by which their answer was stricken and a default judgment granted against them. We hold an abuse of discretion is presented, and reverse and remand.

On October 15, 1979, the Plaintiff filed its suit on a promissory note against Mr. and Mrs. Juan R. Saldivar. The two Defendants are partners doing business as Montana Cash Register Company, and the Defendants answered alleging a failure of consideration. On June 6, 1980, the Plaintiff, pursuant to Rule 168, Tex.R.Civ.P., served interrogatories on both Defendants by serving their attorney of record. On August 15, 1980, the Plaintiff filed its motion for sanctions since at that time the Defendants had failed to answer the interrogatories. The motion was set for hearing on August 22, 1980. On August 21, the Defendant Juan R. Saldivar filed his sworn answers to the interrogatories. In addition, he filed an answer to the motion for sanctions, containing a statement that his wife was unable to file an answer to the interrogatories as she was unacquainted with the transaction. The answer also contained a motion for continuance based on Mr. Saldivar's having undergone a hernia operation on July 31, 1980. The hearing on the motion for sanctions was held on August 22, and neither the Defendants nor their attorney appeared. A final judgment was then signed and entered on September 12, reciting the facts regarding the hearing on the motion for sanctions, granting sanctions and ordering that the answers of the Defendants be stricken, that the motion for continuance of the Defendant Mr. Saldivar be denied, and entering default judgment in favor of the Plaintiff against the Defendants for the sum of $13,905.18.

Defendants appeal on the one point that the trial Court abused its discretion in striking their pleadings as the answer to the interrogatories was filed before the hearing on the motion for sanctions. The Plaintiff has filed no brief on this appeal, and we accept as correct the statements made by the Defendants in their original brief as to the facts of the record. Rule 419, Tex.R. Civ.P.

We hold that the extent to which sanctions could be assessed in the case before us is controlled by *Lewis v. Illinois Employers*

*Insurance Company,* 590 S.W.2d 119 (Tex. 1979). In that case, the Supreme Court approved the decision of the Court of Civil Appeals where it held that the trial court had abused its discretion in imposing the sanction of striking a defendant's answer where the defendant had answered the interrogatories just before the hearing on the motion to impose sanctions. The Supreme Court disapproved certain language in the Court of Civil Appeals opinion as made at 582 S.W.2d 242, and held in effect that if no interrogatory answers are ever filed, no motion to compel answers is required to impose sanctions, but that if some interrogatory answers are filed, a motion to compel answers is still required to impose sanctions under the terms of Rule 168. According to the Justice Pope and Steve McConnico article, 32 Baylor L. Rev. 457 at 483, the *Lewis* holding will still apply to Rule 168 even under the 1981 amendments. In the present case, even though one partner failed to answer the interrogatories, we hold that, in this husband and wife partnership relation, the answer by the husband to the interrogatories prevents the imposition of the sanction of dismissal. For a case where no answers to the interrogatories were ever made, and where the trial court did not abuse its discretion by striking the answer, *see: Southern Pacific Transport Company v. Evans,* 590 S.W.2d 515 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

For the reasons stated, the judgment of the trial Court is reversed and the cause is remanded.