**Billy G. NOTGRASS, Appellant,**

v.

**EQUILEASE CORPORATION, Appellee.**

**No. 01–83–0523–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1984.

Rehearing Denied March 15, 1984.

Larry A. Anderson, Kenneth H. Strahan, Anderson & Anderson, Houston, for appellant.

Jon D. Totz, Mark Blenden, Lapin, Totz & Mayer, Houston, for appellee.

Before JACK SMITH, DUGGAN and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

This is an appeal from a summary judgment granted in favor of the plaintiff in a suit on a sworn account.

We affirm.

The plaintiff sued for breach of a lease agreement involving a commercial truck. The defendant answered "pro se," pleading legal defenses and offsets to the suit. Thereafter, the plaintiff filed written interrogatories which the defendant did not answer, and, on the plaintiff's motion, the trial court struck all defensive pleadings. As will be hereinafter addressed, the striking of the defensive pleadings is dispositive of this appeal since, pursuant to the combined operation of Tex.R.Civ.Pro. 185 and 93(k), the failure to have a verified denial on file precludes the possibility of a reversal of this summary judgment. The plaintiff then filed its first motion for summary judgment, which the court's docket sheet reflects was "delayed;" however, the record shows no action was ever taken on that motion.

Shortly after the defensive pleadings were stricken, the plaintiff filed its second motion for summary judgment which the trial court granted, awarding the plaintiff $8,229.71 on the contract, plus 15% contractually agreed attorney's fees.

■ With respect to the appellee's second motion for summary judgment, the defendant contends that he did not receive notice and asks this court's consideration of the issue by way of an affidavit.

This issue is not properly before the court for the following reasons:

1) it was not raised by proper point of error, and, therefore, is not presented for review;

2) it was not raised in the appellant's motion for new trial;

3) lastly, the order granting the summary judgment contains a recitation that is contrary to the defendant's position, to wit: "... and the court finding proper notice of plaintiff's second motion for summary judgment and the submission date was given to the Defendant; ...."

In light of the judgment recitation, coupled with the presumption of verity, and for the other reasons set forth above, we hold that the defendant's contention in this respect is without merit and not a part of this appeal.

The defendant urges six points of error. In his first two points, he contends that the trial court erred in striking the defendant's pleadings for failure to answer the plaintiff's interrogatories because there were no findings by the trial court that the defendant was abusing or resisting discovery as required by Tex.R.Civ.Pro. 168(8). He asserts that such action, without first issuing orders compelling the appellant to answer, amounted to an abuse of discretion. We disagree with the defendant's interpretation of the legal principles involved.

## A. *Prerequisite to Strike*

Tex.R.Civ.Pro. 168, as amended effective January 1, 1981, and as relevant here, provides:

(8) SANCTIONS: After notice and hearing, if the court finds a party is abusing the discovery process in seeking, making or resisting discovery under this Rule, in addition to costs and a reasonable attorney's fee the court may invoke the sanctions of Rule 170 and 215a.

Paragraph (c) of Tex.R.Civ.Pro. 215a permits the court, *inter alia*, to strike the non-answering party's pleadings.

The 1981 amendments to Rule 168 appear to support the appellant's argument, to wit: that only after notice and a hearing, which results in an "abuse of discovery" finding, may the trial court impose the strict sanction of striking a non-answering party's pleadings.

The pre-1981 Rule 168 provided, in relevant part:

If a party, except for good cause shown, fails to serve answers to interrogatories after proper service of such interrogatories, the Court in which the action is pending, may, on motion and notice, make such orders as are just, including those authorized by paragraphs (c) of Rule 215(a).

This provision of pre-1981 Rule 168 was construed in *Lewis v. Illinois Emp. Ins. Co.*, 590 S.W.2d 119 (Tex.1979). The Texas

Supreme Court held that the Beaumont Court of Civil Appeals correctly reversed a decision where the trial court abused its discretion by striking pleadings and rendering default judgment after answers to interrogatories, though late, were filed by the defendant on the day the default judgment was rendered. However, the Court expressly disapproved the broad dictum of the Beaumont court to the effect that the sanctions authorized by Rule 215a(c) can be invoked only upon a party's (1) filing a motion to compel answers to interrogatories, (2) obtaining a court order which requires the answers, and (3) failing to comply with that court order. It was said in *Lewis:*

> Rule 168 requires such a procedure in the instance of one's *failure to answer particular interrogatories.* When, however, a party *wholly fails to answer any of the interrogatories,* the propounding party may immediately move for the imposition of sanctions without first seeking and obtaining an order from the court requiring answers to interrogatories. This distinction between one's failure to answer particular interrogatories and one's complete failure to make answers is found in Rule 168. (Emphasis supplied).

The "distinction" referred to above is no longer found in the express language of Rule 168; in a recent law review article, the view is expressed that there has been no change in the amended version of Rule 168:

> The new sanction additions to Rule 168 do not change the holding [of *Lewis, supra* ] that if no interrogatory answers are filed, no motion to compel answers is required to impose sanctions. If only some interrogatory answers are filed, however, a motion to compel answers is still required to impose sanctions.

Pope and McConnico, *Practicing Law With the 1981 Texas Rules,* 32 Baylor L.Rev. 457 (1980). Also see *Saldivar v. Facit-Addo Inc.,* 620 S.W.2d 778 (Tex.Civ.App.—El Paso 1981, no writ) (wherein *Lewis, supra,* and the above mentioned article are cited for the proposition that if no interrogatory answers are filed at all, no motion to compel answers is required).

■ Thus, the post-1981 situation is the same as the pre-1981 situation: when a party wholly fails to answer any of the interrogatories tendered, the propounding party may immediately move for the imposition of sanctions without first seeking and obtaining an order from the court requiring answers.

The defendant was given notice by letter of the plaintiff's "motion to strike pleadings" in the following manner:

> You will take notice that on Monday, February 14, 1983, that the attached motion will be presented to the Court for ruling without the necessity of an oral hearing, unless demand for one is made by you.

The defendant concedes that the above "notice" is in compliance with the Harris County District Court Rules by which the party opposing the motion is required to request a hearing, yet he failed to exercise his right to be heard at such a hearing.

### B. *Abuse of Discretion*

■ The choice of the appropriate sanctions is for the trial court, rather than the appellate court, and as long as such sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *Southern Pacific Transportation Company v. Evans,* 590 S.W.2d 515 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). From the record before us we hold that the trial court did not abuse its discretion. The defendant made no attempt to answer any of the interrogatories tendered him. No motion was filed alleging mistake, lack of notice, reason for delay, or any other cause for failure to answer the interrogatories. Having failed to do so, he cannot now complain that the trial court abused its discretion in imposing this particular sanction. *Lewis, supra; Saldivar, supra; Evans, supra.*

Points of error number one and two are overruled.

The defendant, in his third point of error, urges that the trial court erred in rendering a summary judgment for plaintiff since the controverting affidavits already on file in opposition to plaintiff's first motion for summary judgment show a valid defense, counterclaim, and/or offset to plaintiff's cause of action.

A chronology of events shows the following:

1) September 13, 1982: Plaintiff files motion for summary judgment;

2) October 4, 1982: First motion for summary judgment set for hearing; docket entry discloses the following: "M for SJ delayed—Df has until October 6, 1982 [to] file Ans. & Request for Admission";

3) October 5, 1982: Defendant files "Opposition to Summary Judgment" and first amended answer;

4) December 17, 1982: Plaintiff's interrogatories received by defendant;

5) January 21, 1983: Plaintiff's motion to strike pleadings and enter judgment filed;

6) February 14, 1982: Defendant's "pleadings" were stricken for failure to answer interrogatories;

7) April 13, 1983: Plaintiff files second motion of summary judgment (defendant concedes that he did not respond to this second motion);

8) May 9, 1983: Plaintiff's second motion for summary judgment granted;

9) June 7, 1983: Defendant files affidavit alleging, *inter alia,* that he "did not receive Plaintiff's Second Motion for Summary Judgment."

It is apparent that, although the defendant responded to the plaintiff's first motion for summary judgment, he failed to respond to the second motion. In light of this failure, it is the defendant's position that his response to the plaintiff's first motion should have been considered by the trial court since said response was not stricken as part of the defendant's "pleadings." The plaintiff, on the other hand, urges (1) that the defendant's response to the first motion for summary judgment is a "pleading" and was, therefore, stricken by court order upon the defendant's failure to answer interrogatories; (2) the defendant's response addresses itself to the plaintiff's first motion for summary judgment rather than the second; and (3) even assuming the defendant's response was not stricken, "it could not be deemed a response to a motion filed seven months later."

 It is unnecessary to determine whether or not defendant's "Motion in Opposition to a Summary Judgment" is a "pleading," such that it can be stricken for failure to answer interrogatories pursuant to Rule 168(8), since the summary judgment was proper for other reasons. In a case on a sworn account, it has been said that a movant "whose opponent has not filed a proper Rule 185 answer may secure what is essentially a summary judgment on the pleadings, as non-compliance with Rule 185 basically concedes that there is no defense." Hittner, *Summary Judgments in Texas,* 35 Baylor L.Rev. 207 (1983); also see *Hidalgo v. Surety Savings & Loan Ass'n.,* 462 S.W.2d 540 (Tex.1971). Rules 185 and 93(K), when applied together to suits on a sworn account, "requires that the language necessary to effectively deny the justness and/or truth of the [movants] sworn account ... must appear in the [non-movants] *answer." Zemaco Inc. v. Navarro,* 580 S.W.2d 616 (Tex.Civ.App.—Fort Worth 1981, no writ) (Emphasis supplied); *Brightwell v. Barlow,* 619 S.W.2d 249 (Tex. Civ.App.—Fort Worth 1981, no writ). Because there was *no* answer on file after defendant's answer was stricken, the plaintiff's account and verified affidavit, not being effectively denied, constituted prima facie evidence which entitled it to recover. *Zemaco, Inc., supra; Brightwell, supra; Hittner, supra.* As such, this defendant could not have prevailed regardless of whether or not his response to the first motion for summary judgment was also stricken.

The appellant's third point of error is overruled.

In light of the disposition above, the appellant's remaining three points of error are lacking in merit and are overruled.

He urges in point of error four that the trial court erred in awarding attorney's fees of 15% of the judgment "since the reasonableness of said fee was contested by the appellant in his pleadings" and because the fee was a fixed percentage of a "contested" sum. As stated earlier, the appellant's pleadings were stricken under Rule 168(8); as such, the fee was not "contested." Nor was the underlying sum "contested" for the same reason. In the absence of a verified denial required by the combined operation of Rule 185 and 93(k), the underlying sum was not placed in issue, and the result was essentially a summary judgment on the pleadings. *Brightwell, supra; Zemaco, supra.*

Similarly, this conclusion that the underlying sum was not contested compels the holding that the appellant's final two points of error, five and six, predicated upon the existence of a "contest" by way of a proper defensive pleading on file, are also without merit.

The judgment of the trial court is affirmed.

For Publication. Tex.R.Civ.P. 452(b)