YANG MING LINE, McKinney & McKinney, P.C., and Rozanne Moore McKinney, Appellants,

v.

**PORT OF HOUSTON AUTHORITY,** Appellee.

No. 01–91–00781–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

Rozanne Moore McKinney, Bellaire, for appellants.

Benjamin L. Hall, III, Vinson & Elkins, Houston, for appellee.

Before MIRABAL, O'CONNOR and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

This appeal is from an order awarding the Port of Houston Authority attorney's fees in the amount of $1980 for the defense of a frivolous lawsuit, and $2500 in the event of an appeal.

We reverse and render that the Port of Houston Authority take nothing.

Yang Ming Line, through its counsel, Rozanne McKinney, filed a breach of contract action against the Port of Houston Authority. Yang Ming claimed that a container it owned had been damaged in the amount of $1500 while being shipped through the Port of Houston facilities. Yang Ming normally does not move freight through a facility without a written contract. However, the contract covering this shipment could not be located. The four-year statute of limitations was to run on March 12, 1991. To protect her client's interest, Ms. McKinney filed the breach of contract action on that date, although the contract was missing.

On April 4, 1991, the Port filed an answer to Yang Ming's petition, a separate request for attorney's fees, pursuant to TEX.R.CIV.P. 13, and a request for admissions. Yang Ming never answered the request for admissions. Both parties state in their briefs that on May 2, 1991, Yang Ming filed a motion to dismiss, asking that the court dismiss all matters in the lawsuit. The transcript reveals that the judge signed the order of dismissal on May 9, and it was filed with the clerk on May 10.

On June 20, 1991, the trial judge held an oral hearing on the Port's request for attorney's fees. The court found that Yang Ming and its attorney filed a frivolous and groundless suit. Based upon the unanswered admissions, the court found there was no contractual basis upon which this claim could be brought. It also found that Yang Ming and its attorney failed to reasonably inquire into the underlying absence of any contractual agreement between the parties; therefore, the filing of the suit was unjustified. Accordingly, the court awarded the Port $1980 in attorney's fees

for the defense of the breach of contract claim, and an additional $2500 in the event of an appeal.

In their sole point of error, Yang Ming and McKinney claim that the trial court erred in granting the request for attorney's fees, because the Port did not meet the requirements entitling it to relief under rule 13. The choice of the appropriate sanctions is for the trial court, and as long as such sanctions are within the authority vested in the trial court, they will not be overturned absent a clear abuse of discretion. *Notgrass v. Equilease Corp.*, 666 S.W.2d 635, 638 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This Court cannot disturb the trial court's order unless it first determines that the trial judge acted without reference to any guiding legal rules or principles. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex.1985).

> The Rules of Civil Procedure provide: The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper, that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleadings which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2(b), upon the person who signed it, a represented party, or both.

Tex.R.Civ.P. 13

"The spirit and intent of the rule prescribed were to enforce the observance of that sound and wholesome principle of pleading that allegations contained in pleas filed in court shall be true,—at least that they shall not be false within the knowledge of the pleader...." *Boyd v. Beville*, 91 Tex. 439, 44 S.W. 287 (1898).

At the hearing held on June 20, 1991, the trial judge questioned Ms. McKinney about the efforts she undertook to determine a basis for filing the claim against the Port. Ms. McKinney responded that she filed the suit, although the contract could not be found, because she wanted to preserve Yang Ming's claim. At that time, she thought that a contract between the Port and Yang Ming existed, because Yang Ming, as a rule, did not move freight through a facility without a contract. Eventually, she learned the contract had expired before the loss upon which the suit was based had occurred. Thus, she filed the motion to dismiss. Keeping in mind the purpose of the rule, this evidence does not show that the allegations contained in the pleas were false within the knowledge of the pleader. This evidence does not support the trial court's finding that the suit was frivolous.

On the date of the hearing, the court also had before it the admissions that the Port requested, but Yang Ming failed to answer. The Port claims that those matters were deemed admitted when Yang Ming did not answer or object to them within 30 days. Tex.R.Civ.P. 169(1). However, Yang Ming argues that its motion to dismiss, filed before the 30–day time period had expired, made it unnecessary to answer the admissions.

Some of the facts the Port was seeking to have Yang Ming admit were:

1. No contract existed between the Port and Yang Ming that gave the Port care, custody, or control over the damaged container.

2. The interchange agreement, upon which it predicated its entire suit, contained no written clause holding the Port liable for the safety and upkeep of the container made the basis of this litigation.

3. The only basis for Yang Ming's contract claim against the Port were the terms of the interchange agreement.

4. Yang Ming had no knowledge of any Port employee, agent, or representative causing any damage to the container.

5. No Port representative ever assumed liability for the safety and upkeep of the container.

Without determining whether the requested admissions were deemed admitted, we hold that these facts do not support the trial court's assessment of rule 13 sanctions. The Port did not ask Yang Ming to admit that reasonable inquiry into the facts and law was not made, nor that the suit was frivolous, nor that it was filed in bad faith or for purposes of harassment. It did ask Yang Ming to admit that no contract existed. However, Ms. McKinney stated at the hearing that she brought a motion to dismiss as soon as she discovered the contract had expired before the damages to the container were incurred.

This case involves an erroneous interpretation of the facts on the eve of the running of the statute of limitations. We will not hold accountable an attorney who attempted in good faith to protect her client's interest, and dismissed the suit when she learned that she had nothing upon which to base the claim. Yang Ming's sole point of error is sustained.

We reverse the judgment of the trial court, and render judgment that the Port of Houston Authority take nothing.