Opinion Issued April 17, 2003


 













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00676-CV
____________

GENE R. JONES D/B/A GULF HOLIDAY R.V. PARK AND CHARLES
FREEMAN AND BECKY FREEMAN D/B/A LILY’S-BY-THE-BAY, Appellants

V.

CITY OF HITCHCOCK, Appellee




On Appeal from the 212th District Court 
Galveston County, Texas
Trial Court Cause No. 00CV1139




 MEMORANDUM OPINION
          Appellants, Gene R. Jones d/b/a Gulf Holiday R.V. Park and Charles Freeman
and Becky Freeman d/b/a Lily’s-by-the-Bay (collectively, the Owners), appeal the
granting of a no-evidence summary judgment motion in favor of appellee, the City
of Hitchcock (the City), in their suit challenging the constitutionality of certain
ordinances regulating recreational vehicles (RVs). We determine (1) whether the
City’s no-evidence motion for summary judgment was impermissibly conclusory, (2)
whether the Owners raised a genuine issue of material fact, (3) whether the City was
required to conduct further discovery before the trial court could grant summary
judgment against the Owners, and (4) whether the trial court abused its discretion by
failing to impose sanctions against the City. We affirm.
Standard of Review
          In a no-evidence summary judgment motion under rule 166a(i), the movant
must specifically state the elements for which there is no evidence. Tex. R. Civ. P. 
166a(i). The burden then shifts to the non-movant to bring forth evidence that raises
a fact issue on the challenged elements. Id. When reviewing the granting of a no-evidence summary judgment motion, we review the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. 
Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.). A no-evidence summary judgment motion is improperly granted if the
non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact. Tex. R. Civ. P. 166a(i). Less than a scintilla of evidence exists when
the evidence is “so weak as to do no more than create a mere surmise or suspicion.” 
Macias, 988 S.W.2d at 317 (citing Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1995)). Conversely, more than a scintilla exists when the evidence “rises to a
level that would enable reasonable and fair-minded people to differ in their
conclusions.” Id. (citing Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995)).   
          Because the propriety of granting a summary judgment is a question of law, we
review the trial court’s decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695,
699 (Tex. 1994). When the trial court does not specify the ground or grounds for its
summary judgment ruling, we will affirm if any of the theories advanced is
meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). If the appellant fails to negate each ground on which the judgment may have
been rendered, we must uphold the summary judgment. RHS Interests, Inc. v. 2727
Kirby LTD., 994 S.W.2d 895, 897 (Tex. App.—Houston [1st Dist.] 1999, no pet.)
(citing State Farm Fire & Cas. Co., 858 S.W.2d at 381). 
          We set out the facts in the light most favorable to the Owners.
Facts and Procedural History
          Jones owns and operates the Gulf Holiday R.V. Park, a recreational vehicle
park in the City of Hitchcock. The Freemans own and operate Lily’s-by-the-Bay,
another RV park in the City of Hitchcock. After the City passed certain ordinances
regulating RVs, Jones sued for declaratory judgment, claiming that the ordinances
were facially unconstitutional. The Freemans later intervened, raising the same
claims. The City answered and filed a counterclaim against the Owners, seeking a
declaratory judgment that the ordinances were valid and enforceable and requesting
injunctive relief, civil penalties, and attorney’s fees.  
          The following ordinances were challenged:
§ 154.03(B)  Rules and Regulations for Park to Be Adopted by Owner
It shall be the duty of each owner or manager to keep a register
containing a record of all guests. The register shall contain the following
information:
(1)The name and home address of the owner of each
recreational vehicle.
(2)The make, model, year of tow vehicle and license number.
(3)The park shall keep the register available for inspection
and use at all times by law enforcement officers.

Hitchcock, Tex., Code § 154.03(B) (1998).

§ 154.04 Occupancy Limitation
It shall be unlawful for the owner of any recreational vehicular park to
allow any recreational vehicle to remain within the park for a period of
more than 90 days in any 120 day period. The owner is specifically
prohibited from allowing the placement of any mobile home at any time
on the park premises.

Hitchcock, Tex., Code § 154.04 (1998).


§ 154.40 Perimeter Barrier
 
The owner of the park shall construct and maintain a barrier fence at a
minimum of six feet in height.


Hitchcock, Tex., Code § 154.40 (1998).

          The Owners claimed generally that (1) the registration requirement violated
their constitutional rights to due process and equal protection, their right of privacy,
and their right to be free from unreasonable searches and seizures; (2) the occupancy-limitation restriction violated their constitutional rights to due process, freedom of
contract, and equal protection; and (3) the perimeter-barrier requirement violated their
rights to due process and equal protection. The City moved for summary judgment
under rule 166a(i), contending that there was no evidence to support the Owners’
contentions that the ordinances were unconstitutional. In their response to this
motion, the Owners sought sanctions against the City to recover their reasonable
attorney’s fees in responding to the motion. The Owners did not identify, in their
petition or response to the City’s no-evidence motion, any specific language in any
of the ordinances that they alleged to be unconstitutional, nor did they cite any law
in support of their allegations that the ordinances were unconstitutional. The trial
court granted the City’s no-evidence motion for summary judgment and denied the
Owners’ request for sanctions. The Owners now appeal. 
Unassigned Error
          The Owners do not complain of the granting of summary judgment on their
freedom-of-contract claim. Therefore, that part of the trial court’s judgment is
affirmed. See Garcia v. Nat’l Eligibility Express, Inc., 4 S.W.3d 887, 889 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
Was the City’s Summary Judgment Motion Conclusory?
          In their first point of error, the Owners contend that the City’s no-evidence
motion for summary judgment was insufficient as a matter of law for being
conclusory because the City allegedly did not attack specific elements of the Owners’
constitutional claims. See Tex. R. Civ. P. 166a(i). We disagree with the Owners. 
In its motion for summary judgment, the City specifically attacked elements of each
of the Owners’ claims.  
          The City’s motion addressed the Owners’ claims that the owner-registration
requirement, the occupancy limitation, and the perimeter-barrier requirement violated
their rights to due process and equal protection by arguing that there was no evidence
that these ordinances were not rationally related to a legitimate state interest. See
Owens Corning v. Carter, 997 S.W.2d 560, 581 (Tex. 1999) (providing that showing
that no such rational relation exists is one “element” of a challenge based on these
constitutional provisions). 
          The City’s motion also addressed the Owners’ claim that the registration
requirement violated their right to privacy by arguing that the right to live in a
recreational vehicle or to operate an RV park is not a fundamental right. See C.M. v.
Tomball Reg’l Hosp., 961 S.W.2d 236, 243 (Tex. App.—Houston [1st Dist.] 1997,
no writ) (specifying that, to bring a constitutional claim involving a violation of a
right to privacy, plaintiff must show that the right complained of is a “fundamental
right”). 
          The City’s motion further addressed the Owners’ claim that the registration
requirement constituted an unreasonable search and seizure by arguing that the
ordinance was reasonable and limited in scope. See New York v. Burger, 482 U.S.
691, 711, 107 S. Ct. 2636, 2648 (1987); Pollard v. Cockrell, 578 F.2d 1002, 1014-15
(5th Cir. 1978) (providing that showing that an ordinance is reasonable and limited
in scope defeats a claim that the ordinance is an unreasonable search and seizure). 
          We overrule the Owners’ first point of error. 
Was a Genuine Issue of Material Fact Raised?
          In their second point of error, the Owners contend that they raised a genuine
issue of material fact relating to their claims that the ordinances were facially
unconstitutional. The Owners claim that the depositions of the City’s experts, Milam
Montgomery and Wayne Neumann, and Jones’ affidavit created fact issues preventing
summary judgment.
          A.      Equal Protection and Due Process 
          The Owners first claim that they raised fact issues relating to their due process
and equal protection claims because (1) the City’s expert, Montgomery, expressed no
opinion in his deposition regarding whether the City’s ordinances were reasonable
and not arbitrary; (2) the public purposes for the ordinances cited by the City’s other
expert, Neumann, were unpersuasive; and (3) in his affidavit, Jones attacked as being
ineffective the City’s stated reasons for implementing the ordinances. 
          This argument is without merit. We presume that the purpose of the ordinances
is constitutional. HL Farm Corp. v. Self, 877 S.W.2d 288, 290 (Tex. 1994). When,
as here, the classification does not impinge on a fundamental right, or distinguish
between persons on a suspect basis such as race or national origin, it is valid as long
as it is rationally related to any legitimate state purpose, whether or not that purpose
was the ordinance’s actual purpose. Kirby v. Edgewood Indep. Sch. Dist., 761
S.W.2d 859, 864 (Tex. App.—Austin 1988), rev’d on other grounds, 777 S.W.2d 391
(Tex. 1989) (emphasis added); Ford Motor Co. v. Sheldon, 22 S.W.3d 444, 451 (Tex.
2000); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 938 (Tex. 1998); Smithfield
Concerned Citizens for Fair Zoning v. Town of Smithfield, 907 F.2d 239, 246 (1st Cir.
1990) (holding that true purpose of ordinance is irrelevant for determining whether,
for purposes of due process, rational relationship exists between ordinance and any
conceivable government objective).


  
          The Owners, in their response to the City’s no-evidence motion, produced their
own evidence of alleged actual bases for the City’s implementation of the ordinances
by attaching the affidavits of the City’s two experts. Both of the City’s experts
explained why the ordinances were rationally related to legitimate public purposes. 
          Neumann stated that the ordinances were generally necessary for city planning
purposes. More specifically, Neumann asserted that the occupancy limitation was
reasonable because it was designed to prohibit the use of RVs as permanent
residences for the following reasons: (1) RVs are not permanently connected to
utilities facilities, (2) RVs are not tied down, (3) RVs are not intended as a permanent
residence for people to raise families, (4) RVs are not intended to accommodate the
traffic of permanent residents, and (5) RV parks have different densities from other
uses. To justify the registration requirement, Neumann stated that the City might
have implemented the requirement to enforce its occupancy limitation and to assist
finding occupants in the event of an emergency relating to the malfunctioning of
utilities or natural disasters. Neumann asserted that the perimeter-barrier requirement
was designed to separate an RV park from other land uses, to minimize the spillage
of light on adjoining properties, and to provide security for users of the park and its
neighbors.
          Montgomery stated that the occupancy and registration requirements were
justified because RVs might constitute a hazard due to potential deterioration of
water, sewer, and electrical lines lying on the ground, and, therefore, these ordinances
would assist the City by preventing sewage and water leaks.
          The stated reasons presented by the City’s experts are rational bases to uphold
these ordinances. See Carter, 997 S.W.2d at 581 (“[W]e must uphold the law if we
can conceive of any rational basis for the Legislature’s action. It does not matter
whether the justifications courts may hypothesize as a rational basis in fact underlay
the legislative decision.”). 
          Although Jones asserted several alleged weaknesses in the City’s experts’
stated bases for implementing the ordinances, the strength or ultimate effectiveness
of the ordinances was not at issue; rather, Jones had to show that the City did not
have any rational basis for enacting the ordinances. See Mayhew, 964 S.W.2d at 938. 
Jones’s opinion is not enough to raise an issue of material fact as to whether the
City’s purpose in enacting the ordinances was rational.
           We hold that the trial court did not err by entering summary judgment on the
Owners’ due process and equal protection claims. 
          B.      Right of Privacy and Freedom from Unreasonable Search and
Seizure 
          The Owners next claim that the registration requirement violated their
constitutional rights to privacy and freedom from unreasonable search and seizure. 
To prevail under a right-of-privacy theory, the Owners had to show that the
challenged regulation unduly limited their exercise of a fundamental, personal right. 
See Tomball Reg’l Hosp., 961 S.W.2d at 243 (“guarantees of personal privacy are
limited to those that are ‘fundamental’ or ‘implicit in the concept of ordered
liberty.’”). The Owners failed to raise any fact issues relating to their claim that the
registration requirement violated the Owners’ and their occupants’ right to privacy
because they did not show that the right to live in a recreational vehicle or to operate
an RV park is a fundamental right. 
          Jones also argued in his affidavit that the registration requirement violated his
right to freedom from unreasonable search and seizure because the City’s law officers
were not required to obtain a search warrant before searching the register. Generally,
an owner or operator of a business has a reasonable expectation of privacy in
commercial property, with respect to traditional police searches as well as
administrative inspections designed to enforce regulatory statutes. New York v.
Burger, 482 U.S. 691, 699-700, 107 S. Ct. 2636, 2642 (1987); see also Pollard v.
Cockrell, 578 F.2d 1002, 1014 (5th Cir. 1978). An expectation of privacy in
commercial premises, however, is different from, and indeed less than, a similar
expectation in an individual’s home. Id. This expectation of privacy is particularly
attenuated in commercial property used by “closely regulated” industries. Id. These
industries have such a history of government oversight that no reasonable expectation
of privacy could exist for a proprietor over the stock of such an enterprise. Id. 
          Trailer parks are closely-regulated businesses. See generally Barbre, Erwin S.,
Annotation, Validity and Application of Zoning Regulations Relating to Mobile Home
or Trailer Parks, 42 A.L.R.3d 598 (1972); City of Brookside Village v. Comeau, 633
S.W.2d 790, 793-94 (Tex. 1982) (discussing justification and reasonableness of
regulation of mobile-home parks). Therefore, the Owners have a reduced expectation
of privacy in this business. Furthermore, the ordinance provides a “constitutionally
adequate substitute for a warrant” because the ordinance sets forth the scope of the
inspection and, accordingly, places the operator on notice as to how to comply with
the statute. Burger, 482 U.S. at 711, 107 S. Ct. at 2648 (quoting Donovan v. Dewey,
452 U.S. 594, 603, 101 S. Ct. 2534, 2540 (1981)). Finally, the scope of the
ordinance is limited in that it applies only to recreational vehicle trailer parks and in
that only the register may be inspected, rather than the premises of the RV parks or
the recreational vehicles themselves. See id. 
          In light of the regulatory framework, the history of regulation governing trailer
parks, and the limited scope of the ordinance, we hold that the trial court did not err
by granting summary judgment on the Owners’ right-to-privacy and unreasonable-search-and-seizure claims. 
           We overrule the Owners’ second point of error.
Was Further Discovery Required?
          In their third point of error, the Owners contend that the City was required to
conduct further discovery before the trial court could grant summary judgment
against the Owners.
          After adequate time for discovery, a party may move for summary judgment
without presenting evidence on the ground that there is no evidence of one or more
essential elements of a claim on which the adversary would have the burden of proof
at trial. Tex. R. Civ. P. 166a(i). An adequate time for discovery is determined by the
nature of the cause of action, the nature of the evidence necessary to controvert the
no-evidence motion, and the length of time the case had been active in the trial court. 
See Dickson Constr., Inc. v. Fid. & Dep. Co. of Maryland, 5 S.W.3d 353, 356-57
(Tex. App.—Texarkana 1999, pet. denied). 
 
          The record does not reflect the date that the Owners’ filed their original
petition. However, the Owners filed their amended petition in October, 2001. After
the Owners amended their petition, Jones propounded to it interrogatories and a
request for production to the City and took the depositions of two experts designated
by the City. The City answered the discovery propounded and submitted
interrogatories and a request for production. The trial court granted the City’s
summary judgment motion on June 6, 2002. 
          The Owners failed to argue at trial below or on appeal that they were not given
adequate time for discovery or that the City did not properly respond to their
discovery. Instead, the Owners contend that the City was required to conduct further
discovery to ascertain what evidence existed or did not exist before the trial court
could grant summary judgment against them. However, the City did not have the
burden of proof on any of the claims submitted by the Owners. Therefore, the City
was not required to conduct any discovery on these claims, although it did conduct
limited discovery by submitting interrogatories and a request for production to Jones. 
Therefore, we hold that the trial court did not err by granting summary judgment
against the Owners without requiring the City to conduct further discovery.
           We overrule the Owners’ third point of error.
 
 
Did the Trial Court Err in Denying Sanctions? 
          In their fourth point of error, the Owners contend that the trial court abused its
discretion by failing to impose sanctions against the City. The Owners argue that,
because the City did not know what evidence existed or did not exist, the City’s no-evidence motion was misleading and frivolous. The Owners further claim that,
because the City’s motion was a conclusory, general challenge to their claims, the
City should have been sanctioned for failing to comply with rule 166a(i). See Tex.
R. Civ. P. 166a(i).  
          A trial court may impose sanctions against an attorney, a represented party, or
both for pleadings, motions, or other papers that are filed in bad faith or that are
groundless and have no basis in law and fact. See Tex. R. Civ. P. 13; GTE Comm.
Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993). We review a trial court’s
denial of sanctions under an abuse-of-discretion standard. See Yang Ming Line v.
Port of Houston Auth., 833 S.W.2d 750, 752 (Tex. App.—Houston [1st Dist.] 1992,
no writ). We must, therefore, consider whether the trial court acted without reference
to any guiding rules or principles. Downer v. Aquamarine Operators, 701 S.W.2d
238, 241-42 (Tex. 1985). 
          We have already determined that the City was not required to conduct any
discovery on the Owners’ claims, on which it did not have the burden of proof, and
that the City’s rule 166a(i) motion was not conclusory. Therefore, we hold that the
trial court did not err by failing to impose sanctions against the City.  
          We overrule the Owners’ fourth point of error.
Conclusion
          We affirm the trial court’s judgment.
 
     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.