Claudia June MONROE,
et al., Appellants,

v.

Allen GRIDER and Rodney
Neal, Appellees.

No. 05–93–00864–CV.

Court of Appeals of Texas,
Dallas.

Aug. 8, 1994.

Rehearing Denied Sept. 28, 1994.

David R. Weiner, Thomas J. Stutz, Dallas, for appellants.

David M. MacDonald, Dallas, for appellees.

Before BAKER, OVARD and MORRIS, JJ.

## OPINION

BAKER, Justice.

Monroe sued Grider and Neal [1] for injuries she suffered when Neal ran into her with Grider's golf cart. Monroe sued Neal for negligence and Grider for negligent entrustment of his golf cart to Neal. The trial court instructed a verdict for Grider on Monroe's negligent entrustment claim. Grider requested rule 13 sanctions against Monroe claiming her negligent entrustment cause of action was groundless and brought in bad faith.[2] The trial court ordered Monroe and her counsel to pay Grider's attorney's fees as a sanction for bringing the negligent entrustment claim. The jury found Monroe and Neal each fifty-percent liable for Monroe's injuries. The trial court entered judgment against Neal on the jury's verdict.

Monroe claims the trial court incorrectly granted Grider's motion for an instructed verdict. Monroe and her counsel appeal the trial court's order imposing rule 13 sanctions. Monroe also argues the jury's finding of zero damages for past physical pain and mental anguish is against the great weight and preponderance of the evidence. We overrule Monroe's points of error complaining about the instructed verdict and rule 13 sanctions. We sustain Monroe's point of error complaining about the jury's zero damage award for past physical pain and mental anguish. We affirm the trial court's judgment in part and reverse the trial court's judgment in part.

1. All trial court documents and appellate briefs misspell Neal's name as Neil. Trial testimony shows appellee's name is spelled Neal. For this opinion, we will correctly spell appellee Neal's name.

## INSTRUCTED VERDICT

### A. Relevant Facts

Monroe played in a golf scramble at McKinney Country Club. After the scramble was over, Monroe continued to play golf with several friends and Neal. Monroe rode with Neal in Grider's golf cart. At the fourth hole, Neal ran into Monroe as she stepped in front of the golf cart. Monroe fell and fractured her wrist. She also suffered a groin injury. The jury found Neal and Monroe were each fifty-percent negligent in the accident.

Monroe testified she relied on Neal's previous collision with Scotty Griffin in Grider's golf cart to support her negligent entrustment claim. Monroe admitted she had no personal knowledge that Neal was an incompetent driver. Pam Simmons testified Neal told her "he wrecked it [Grider's golf cart] or he hit something. I don't remember what he said. He said he rolled it or hit it or something." Grider testified Neal told him that Neal intentionally bumped Scotty Griffin's golf cart to prevent it from tipping over. Grider testified Neal has driven Grider's golf cart on many occasions without incident. All witnesses testified they had never seen Neal drive a golf cart incompetently.

### B. Applicable Law

#### 1. Standard of Review

In reviewing the granting of an instructed verdict, we determine whether any evidence of probative force exists to raise a fact issue on the material questions presented. We consider all evidence in the light most favorable to the party against whom the trial court instructed the verdict. We disregard all contrary evidence and inferences. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978). If any conflicting evidence of probative value on any theory of recovery exists, an instructed verdict is improper. *White v.*

2. Tex.R.Civ.P. 13. Unless otherwise indicated all references are to the Texas Rules of Civil Procedure.

*Southwestern Bell Tel. Co. Inc.,* 651 S.W.2d 260, 262 (Tex.1983).

■ A trial court properly instructs a verdict if: (1) the nonmovant's pleadings are defective and cannot support a judgment; (2) conclusive evidence shows the movant's entitlement to judgment or negates the nonmovant's entitlement to judgment; or (3) the evidence does not raise a fact issue on one or more elements of the nonmovant's cause of action. *Edlund v. Bounds,* 842 S.W.2d 719, 723 (Tex.App.—Dallas 1992, writ denied).

### 2. Negligent Entrustment

■ The elements of a negligent entrustment claim are: (1) entrustment of the vehicle by an owner; (2) to an incompetent driver; (3) that the owner knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570, 571 (Tex.1985). Knowledge of the driver's incompetency when the owner gives consent is an essential element of a negligent entrustment action. *Briseno v. Martin,* 561 S.W.2d 794, 795 n. 1 (Tex.1977).

### C. Application of Law to the Facts

■ Monroe contends she presented evidence raising a fact issue on her negligent entrustment claim. The sole basis for Monroe's negligent entrustment claim was Neal's previous collision in Grider's golf cart. Monroe argues that fact alone raises a material fact issue. We disagree. Involvement in a previous collision alone does not create an inference or conclusion that a driver is incompetent or reckless. The record shows Neal intentionally collided with another golf cart to prevent it from rolling over.

Monroe said she did not know whether Neal was incompetent, contrary to her negligent entrustment allegation. Monroe testified she had no personal knowledge that Neal was incompetent. She saw Neal drive a golf cart before and after the accident and never saw anything showing Neal was incompetent or reckless. Monroe testified she believed Neal was incompetent based on the

accident causing her injuries. Monroe did not present evidence showing Neal was at fault, incompetent, or reckless in the first collision.

Monroe claims that because Grider knew about Neal's previous collision in Grider's golf cart, he knew or should have known of Neal's incompetence. We disagree. Grider's awareness of the previous collision did not require him to suspect Neal was incompetent. Grider testified he believed Neal was a competent and experienced driver. Neal had driven Grider's golf cart on many occasions without incident. Grider never saw Neal drive a golf cart in a reckless or incompetent manner. Even assuming Neal's incompetence, Monroe's evidence did not raise a material fact issue on whether Grider knew or should have known of any incompetence. We overrule Monroe's first point of error.

## RULE 13 SANCTIONS

### A. Factual Background

In her original petition, Monroe alleged a claim for negligent entrustment against Grider. The parties conducted discovery for more than a year before trial. Monroe propounded one set of interrogatories. Grider propounded two sets of interrogatories and one set of requests for admissions. The record contains certifications of Grider's and Neal's depositions taken in October 1991. Monroe filed her third amended original petition on March 6, 1992. Monroe did not change or add to her negligent entrustment allegation in her third amended original petition.

In Monroe's answers to Grider's interrogatories, she stated the facts she relied on for her negligent entrustment claim. She stated that:

Grider and Neil knew each other prior to the date of the incident. Grider allowed Neil to drive his cart on the date of the incident. Upon further discovery, Plaintiff will supplement.

Ms. Monroe heard that Defendant Neil was driving Defendant Grider's golf cart approximately one (1) week prior to her accident on May 27, 1990 at which time

Defendant Neil flipped and/or overturned the golf cart.

On appeal, Monroe states she based her negligent entrustment claim solely on Neal's involvement in the previous collision in Grider's golf cart.

Monroe answered Grider's requests for admission in January 1992. Monroe admitted that before and after the accident, she never saw Neal drive a golf cart in a reckless or incompetent manner. When asked to admit or deny that Neal was a competent golf cart driver, Monroe answered she did not know. In her answers to Grider's interrogatories, Monroe said that she had no personal knowledge that Neal was an incompetent golf cart driver.

At trial, Grider testified about the previous collision. Neal told Grider that Neal intentionally bumped Griffin's golf cart to prevent it from tipping over. Grider testified he had never seen anything showing Neal was an incompetent golf cart driver. At the rule 13 sanctions hearing, Griffin testified he was thrown out of his golf cart. After he was thrown out, Neal hit the back of his golf cart to prevent it from tipping over and causing injury to Griffin's passenger. Griffin admitted he did not know how Neal hit the back of his golf cart because he was thrown from the golf cart. Griffin also testified Neal was a very competent golf cart driver.

The trial court made the following findings to support imposing rule 13 sanctions:[3]

(1) The evidence established that at the time Defendant Alan Grider entrusted his golf cart to Defendant Rodney Neil that Defendant Rodney Neil was a competent golf cart operator;

(2) The evidence established that Defendant Alan Grider did not know and/or should not have known that Defendant Rodney Neil was a reckless or incompetent golf cart operator;

(3) The evidence established that Defendant Rodney Neil had operated Defendant Alan Grider's golf cart in a safe manner when driving Defendant Alan Grider's golf

cart on approximately thirty (30) prior occasions and that Defendant Alan Grider acted as a reasonably prudent person when he entrusted his golf cart to Defendant Rodney Neil;

\* \* \* \* \* \*

(6) In response to Requests for Admissions propounded by Defendant Alan Grider, Plaintiff responded that she did not know if Defendant Rodney Neil was a competent golf cart driver; and

(7) Plaintiff's claims against Defendant Alan Grider were brought in bad faith because Plaintiff and Plaintiff's counsel were aware of or had ample access to evidence through discovery which clearly defeated Plaintiff's cause of action against Defendant Alan Grider, yet Plaintiff and Plaintiff's counsel continued to prosecute such claims, resulting in unnecessary costs and expenses to Defendant Alan Grider.

## B. Applicable Law

The trial court's imposition of rule 13 sanctions is within its discretion. We set aside that decision only upon a showing of clear abuse of discretion. *Stites v. Gillum*, 872 S.W.2d 786, 788 (Tex.App.—Fort Worth 1994, *writ filed); New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex.App.—Dallas 1993, writ denied). In deciding whether the trial court abused its discretion, we determine whether the trial court's act was arbitrary or unreasonable. *Stites*, 872 S.W.2d at 788; *New York Underwriters Ins. Co.*, 856 S.W.2d at 205, (*citing, Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984)). A trial court abuses its discretion in imposing sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 887–89 (Tex.App.—Corpus Christi 1991, no writ). In reviewing the trial court's action in granting or denying sanctions, we ordinarily look to its statement of good cause for impos-

---

**3.** The trial court's fourth and fifth findings of fact concern Monroe's contributory negligence. These findings do not support the imposition of rule 13 sanctions because they do not concern whether the claim was groundless or brought in bad faith.

ing sanctions in its order. *See New York Underwriters Ins. Co.*, 856 S.W.2d at 205.

 Rule 13 provides:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.

... "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law....

Rule 13 authorizes the trial court to impose rule 215(2)(b) sanctions against an attorney, a represented party, or both, who filed a pleading that is both: (1) groundless *and* brought in bad faith; or (2) groundless *and* brought to harass. *New York Underwriters Ins. Co.*, 856 S.W.2d at 205. The purpose of rule 13 is to check abuses in the pleading process. *Home Owners*, 815 S.W.2d at 889.

 When determining whether rule 13 sanctions are proper, the trial court must examine the circumstances existing when the litigant filed the pleading. *Home Owners*, 815 S.W.2d at 889. Rule 13 requires the trial court to base sanctions on the acts or omissions of the represented party or counsel. A trial court may not base rule 13 sanctions on the legal merit of a pleading or motion. *See Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1992, no writ). Filing a motion or pleading that the trial court denies does not entitle the opposing party to rule 13 sanctions. *See Schwagger v. Texas Commerce Bank, N.A.*, 813 S.W.2d 225, 226 (Tex.App.—Houston [1st Dist.] 1991, no writ) (per curiam).

 Courts should presume parties and their counsel file all papers in good faith, and the party seeking sanctions must overcome that presumption. TEX.R.CIV.P. 13; *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993) (orig. proceeding). The party seeking sanctions has the burden

of showing his right to relief. *GTE Communications*, 856 S.W.2d at 731.

We look to cases interpreting Federal rule 11 to interpret rule 13. *Wolma v. Gonzales*, 822 S.W.2d 302, 303 (Tex.App.—Corpus Christi 1991, orig. proceeding). The rule defines a standard of reasonableness under the circumstances to measure the party's or counsel's conduct. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 870 (5th Cir. 1988) (Op. on Reh'g). The trial court measures a party's or counsel's conduct when he signs the pleading, motion, or other paper. Rule 11 applies to every paper signed during a proceeding. Rule 11 requires that each filing reflect a reasonable inquiry. *Thomas*, 836 F.2d at 875.

 Rule 11 imposes three duties that a party or his counsel must certify he has performed when signing a pleading, motion, or other paper. These are:

(1) A reasonable inquiry into the facts which support the document.

(2) A reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for extension, modification, or reversal of existing law.

(3) Refusal to interpose a motion for the purpose of delay, harassment, or increasing costs of litigation.

*Thomas*, 836 F.2d at 874. Reasonable inquiry means the amount of examination that is reasonable under the circumstances of the case. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1985), *rev'd on other grounds*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

 A trial court can impose sanctions for a party's or his counsel's failure to inquire into the facts after he is on notice the facts are not what he believes. *See Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1131 (5th Cir.1987), *overruled on other grounds*, 836 F.2d 866 (5th Cir.1988); *Bloom v. Graham*, 825 S.W.2d 244, 248 (Tex.App.—Fort Worth 1992, writ denied) (imposing rule 13 sanctions on attorney who did not reasonably inquire into whether his client authorized his actions); *P.N.L. v. Owens*, 799 S.W.2d 439, 441 (Tex.App.—El Paso 1990, no

writ) (imposing rule 13 sanctions for continuing a suit after notice the plaintiff had sued the wrong defendant).

### C. Application of Law to the Facts

Monroe argues the trial court erred by imposing rule 13 sanctions because no evidence showed her negligent entrustment claim was groundless and brought in bad faith. To impose rule 13 sanctions, the trial court had to find Monroe's claim groundless and brought in bad faith. Monroe argues her claim was not groundless because she had a factual basis to bring it. Monroe also claims Grider did not prove she acted in bad faith because no evidence showed: (1) she had actual knowledge that her claim was groundless; or (2) a malicious or discriminatory purpose motivated her in bringing the claim. Grider argues the rule 13 sanctions are proper because Monroe did not reasonably inquire into the circumstances of the previous collision.

We determine whether the trial court erred in imposing rule 13 sanctions by looking at the entire record. We determine if the trial court acted without reference to any guiding legal rules or principles. *Yang Ming Lines v. Port of Houston Auth.*, 833 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1992, no writ). We determine if the circumstances existing when Monroe filed her third amended original petition support the trial court's imposition of sanctions. *See Thomas*, 836 F.2d at 875; *Home Owners*, 815 S.W.2d at 889. The trial court could not rely on its instructed verdict for Grider to find Monroe's claim groundless. *Zarsky*, 829 S.W.2d at 400; *Schwagger*, 813 S.W.2d at 226.

■ Monroe argues the collision alone, regardless of the circumstances, gave her a factual basis to bring the claim. Again, we disagree. Mere involvement in a collision does not create an inference or conclusion that a driver is incompetent or reckless. After review of the entire record, we hold the trial court did not abuse its discretion by · finding Monroe's negligent entrustment claim groundless.

Monroe argues she did not bring the claim in bad faith because she had no actual knowledge of the circumstances of the first collision that showed Neal was not incompetent. Monroe relies on *GTE Communications* to support her argument that bad faith requires actual knowledge. Monroe reads *GTE Communications* too broadly.

The supreme court found the movant did not show that GTE ignored or concealed evidence. *GTE Communications*, 856 S.W.2d at 731. The supreme court stated that the movant did not put on evidence that GTE was aware of the evidence when it filed the complained of motion. A party cannot conceal or ignore evidence if he does not know it exists. Thus, the trial court could not base rule 13 sanctions on GTE ignoring or concealing the evidence when the movant did not show GTE knew of the evidence. *GTE Communications*, 856 S.W.2d at 731.

Monroe also argues Grider did not show she or her counsel acted in bad faith because. he did not show that a malicious or discriminatory purpose motivated Monroe to bring the negligent entrustment claim. Monroe argues the definition of bad faith under the Deceptive Trade Practices Act [4] should apply to rule 13.

■ Monroe ignores the different policy reasons behind rule 13 and the DTPA. The supreme court designed rule 13 to prevent pleading abuse. *Home Owners*, 815 S.W.2d at 889. The Legislature created the DTPA to protect consumers against false, misleading, and deceptive business practices and to provide efficient and economical procedures to secure that protection. *Myer v. Splettstosser*, 759 S.W.2d 514, 516 (Tex.App.—Austin 1988), *rev'd on other grounds*, 779 S.W.2d 806 (Tex.1989) (per curiam). The policy behind the DTPA prevents courts from easily imposing sanctions that would discourage consumers from suing for deceptive business practices. To the contrary, the supreme court designed rule 13 to discourage frivolous pleadings. We conclude that public policy supports a lesser standard for bad faith under rule 13 than under the DTPA.

---

4. TEX.BUS. & COM.CODE ANN. § 17.01 et seq. (Vernon 1987).

■ We hold that, for rule 13 purposes, a party acts in bad faith when discovery puts him on notice that his understanding of the facts may be incorrect and he does not make a reasonable inquiry into the facts before filing a pleading. Rule 13 explicitly imposes the duty of reasonable inquiry into the facts supporting a pleading. A signature on a pleading certifies the signer has reasonably inquired into the facts and law supporting the document.

During discovery, Monroe had the opportunity to make a reasonable inquiry into the first collision's circumstances. Monroe's responses to interrogatories showed she had *heard* Neal had rolled over Grider's golf cart one week before the accident causing her injuries. Monroe never amended her response to Grider's interrogatories to show she had further inquired into the first collision. Neal's and Grider's depositions should have put Monroe and her counsel on notice that what she had heard was incorrect. Monroe and her counsel had a duty to reasonably inquire into the circumstances of the first collision before signing and filing Monroe's third amended original petition.

■ A party cannot avoid rule 13 sanctions by claiming he was not actually aware of the facts making his claim groundless when he has not reasonably inquired. *See Bloom,* 825 S.W.2d at 248; *P.N.L.,* 799 S.W.2d at 441; *cf. Thomas,* 836 F.2d at 874. A party also cannot avoid rule 13 sanctions by claiming he was not acting with malicious or discriminatory purpose in bringing his claim. The trial court did not abuse its discretion in finding Monroe brought her negligent entrustment claim in bad faith.

■ Monroe also argues the trial court could not sanction her individually. Monroe argues *GTE Communications* holds that rule 13 only applies to pleadings, motions, and other papers signed by attorneys. The supreme court found the trial court could not sanction an attorney based on an affidavit signed by a third party. *GTE Communications,* 856 S.W.2d at 730. However, rule 13 explicitly states a trial court may sanction an attorney, represented party, or both. *GTE Communications* does not support an argu-

ment that a trial court cannot sanction a party under rule 13.

Monroe also claims the trial court improperly sanctioned her individually because she took no action distinct from her counsel. *See Glass v. Glass,* 826 S.W.2d 683, 686 (Tex. App.—Texarkana 1992, writ denied). Monroe admits she answered and signed Grider's requests for admissions. However, she argues her response of "unknown to plaintiff" when requested to admit or deny Grider was a competent golf cart driver does not show bad faith on her part.

Rule 13 imposes the same duty of reasonable inquiry on a party as it does on an attorney. Additionally, rule 169 requires a party to state she has reasonably inquired into the facts and still has inadequate information to admit or deny the request for admission. TEX.R.CIV.P. 169(1). Rule 13 and rule 169(1) required Monroe to make a reasonable inquiry into the facts before signing the request for admissions. The trial court properly imposed sanctions against Monroe individually because her conduct violating rule 13 was distinct from her counsel's conduct.

The trial court did not act without reference to guiding legal rules and principles in finding Monroe's negligent entrustment claim was groundless and brought in bad faith. We overrule Monroe's second and third points of error.

## DAMAGES

### A. Relevant Facts

Monroe suffered an injury to her right wrist and groin when she collided with the golf cart. She testified the injuries caused her considerable pain and suffering and mental anguish. She supported her testimony by submitting medical records for her treatment and rehabilitation. The medical records showed Monroe fractured her wrist. The medical records also showed she sprained a muscle in her groin. Monroe further testified the injuries temporarily prevented her from working and fully enjoying recreational activities. For rehabilitation, she attended physical therapy sessions and took pain medication that her doctor prescribed. Monroe

also did some vacationing and travelling during her rehabilitation. She eventually returned to work.

The jury answered "none" in answer to Monroe's question about damages for past physical pain and mental anguish.

### B. Standard of Review

■ In considering whether a jury's negative finding is against the great weight and preponderance of the evidence, we review the entire record. We consider all the evidence both favorable and contrary to the verdict. We reverse and remand for a new trial only if the verdict is so against the great weight and preponderance of the evidence that it is manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Pilkington v. Kornell,* 822 S.W.2d 223, 226 (Tex. App.—Dallas 1991, writ denied).

■ When we review the evidence, we may not reweigh it and set aside the verdict merely because we feel a different result is more reasonable. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex.1986). The jury is the sole judge of the witnesses' credibility and the weight given their testimony. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The jury may believe one witness and disbelieve another. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). The jury resolves inconsistencies in any witness's testimony. *McGalliard,* 722 S.W.2d at 697.

■ If the jury has enough evidence upon which reasonable minds could differ, we may not substitute our judgment for that of the jury. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988); *Pool,* 715 S.W.2d at 634. We are mindful that a preponderance of the evidence did not convince the jury where it did not find a fact. We may not reverse merely because we conclude that the evidence preponderates toward an affirmative answer. *Herbert,* 754 S.W.2d at 144.

### C. Applicable Law

■ To uphold a jury's finding that an injured party incurred no damages for past pain and suffering, the jury must have found by a preponderance of the evidence that no pain and suffering accompanied the injury.

*Hammett v. Zimmerman,* 804 S.W.2d 663, 665 (Tex.App.—Fort Worth 1991, no writ). When uncontroverted evidence of an objective injury exists, a jury finding that the plaintiff suffered no past pain and suffering is against the great weight and preponderance of the evidence. *Hammett,* 804 S.W.2d at 664.

### D. Application of Law to the Facts

■ Monroe contends the jury's denial of damages for pain and suffering and mental anguish was against the great weight and preponderance of the evidence. We agree. A jury may deny an award of damages when the injuries sustained are subjective in nature. However, Monroe provided medical records documenting her injuries. *Blizzard v. Nationwide Mut. Fire Ins. Co.,* 756 S.W.2d 801, 805 (Tex.App.—Dallas 1988, no writ).

■ Grider notes Monroe went on vacation and participated in recreational activities during her rehabilitation. This evidence does not dispute the existence of Monroe's actual injuries. One can be on vacation and still suffer from pain. The jury could have considered these factors in reducing the damage award, but the jury could not ignore uncontroverted evidence by completely denying recovery. *See Thomas v. Oil & Gas Bldg., Inc.,* 582 S.W.2d 873, 881 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.). The jury's finding of zero damages for past physical pain was against the great weight and preponderance of the evidence.

■ Uncontroverted evidence of an objective injury does not always require mental anguish damages. *See Elliot v. Dow,* 818 S.W.2d 222, 224–25 (Tex.App.—Houston [1st Dist.] 1991, no writ). However, in this case, the trial court submitted damages for physical pain and mental anguish in one issue. Because the trial court submitted the two types of damages together, we find the jury's finding of no damages for past physical pain and mental anguish is against the great weight and preponderance of the evidence. We sustain Monroe's fourth point of error.

## CONCLUSION

We affirm the trial court's judgment instructing a verdict for Grider on Monroe's negligent entrustment claim. We affirm the trial court's judgment imposing rule 13 sanctions against Monroe and her counsel for bringing a groundless negligent entrustment claim in bad faith. We reverse the trial court's judgment based on the jury finding of zero past physical pain and mental anguish damages. We remand the cause for a new trial on the issue of past physical pain and mental anguish damages.