# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00048-CV

**Bug Master Exterminating Service, Inc., Appellant**

**v.**

**Abash Exterminating, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. 99-00846, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Appellee Abash Exterminating, Inc. (AAbash@) sued its former employee for breach of an employment agreement and appellant Bug Master Exterminating Service, Inc. (ABug Master@) for unfair competition. Bug Master filed a motion for sanctions against Abash, and Abash subsequently nonsuited Bug Master. Following a trial to the court, the court rendered judgment that Abash take nothing by its claims against its former employee and denied Bug Master=s motion for sanctions. By two issues, Bug Master appeals from the judgment denying its motion for sanctions. We will affirm the judgment.

# BACKGROUND[1]

After Jack L. Sauer, a former Abash employee, began employment with Bug Master, an Abash competitor, Abash sued Sauer to enforce an employment agreement that included noncompetition and nondisclosure covenants. Several months later, Abash added Bug Master as a defendant, alleging that it had interfered with Abash=s business relations and engaged in unfair competition by using Abash=s trade secrets, which Bug Master obtained when it hired Sauer. Sauer counterclaimed, seeking a declaration that the employment agreement=s noncompetition clause was void. Sauer also sought attorney=s fees. Bug Master filed a motion for sanctions, alleging that no evidentiary support existed for the material assertions made by Abash and requesting reasonable expenses, attorney=s fees, and costs for Ainconvenience, harassment and out-of-pocket expenses incurred in connection with this litigation.@

Several months after Bug Master filed its motion, Abash nonsuited its case against Bug Master. A trial to the court commenced on March 21, 2000. On October 29, 2001, the trial court rendered judgment, declaring the noncompetition clause in Abash=s employment agreement void and awarding attorney=s fees to Sauer. The district court also denied Bug Master=s motion for sanctions. Bug Master requested and the court filed findings of fact and conclusions of law Aas to Bug Master.@ This appeal followed.

---

[1] As no factual-sufficiency issue has been presented, only a brief recitation of the facts is necessary.

## DISCUSSION

By its first issue, Bug Master contends that the district court erred in denying its motion for sanctions based on the erroneous conclusion that Bug Master was required to show harassment or bad faith in order to recover sanctions under chapter 10 of the civil-practice-and-remedies code. The pertinent part of the statute provides:

> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory=s best knowledge, information, and belief, formed after reasonable inquiry:
>
> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> . . . .
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Tex. Civ. Prac. & Rem. Code Ann. ' 10.001 (West 2002). A party may move for sanctions for a violation of section 10.001. *Id.* ' 10.002 (West 2002).

The conclusion of law about which Bug Master complains states: AChapter 10, Texas Civil Practice and Remedies Code, requires Bugmaster to prove that the petition filed against BugMaster was filed for an improper purpose, including harassment, delay, or increasing the cost of litigation.@ Where the trial court issues findings of fact and conclusions of law, we treat the court=s findings with the same force and dignity as a jury=s verdict upon jury questions and review its conclusions of law de novo. *Anderson v. City*

3

*of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.C Austin 2002, pet. denied). We rely on the fact finder to resolve disputed facts and accord those facts the same status as if they were determined by a jury. *Black*, 78 S.W.3d at 691.

We review a trial court=s decision to grant or deny a motion for sanctions under an abuse-of-discretion standard. *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.C San Antonio 2000, pet. denied). In order for a party seeking sanctions to prevail, there must be little or no basis for claims, no grounds for legal arguments, misrepresentation of law or facts, or legal action that is sought in bad faith. *Id.* When reviewing a trial court=s finding under the abuse-of-discretion standard, we may not substitute our judgment for that of the trial court. *Schlager v. Clements*, 939 S.W.2d 183, 191 (Tex. App.C Houston [14th Dist.] 1996, writ denied). Rather, we are limited to determining whether the trial court abused its discretion by either (1) acting arbitrarily and unreasonably, without reference to guiding rules or principles, or (2) misapplying the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Schlager*, 939 S.W.2d at 191. A trial court abuses its discretion in imposing (or denying) sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.C Dallas 1994, writ denied). In deciding whether the imposition or denial of sanctions constitutes an abuse of discretion, we examine the entire record. *Herring*, 27 S.W.3d at 143.

Bug Master construes the district court=s conclusions of law as imposing an additional requirement to prevail on its motion for sanctions; that is, Bug Master must establish that Abash=s petition was filed for an improper purpose, such as for harassment or bad faith, in order to prevail on its motion for

4

sanctions. We agree with Bug Master=s contention. Bug Master sought sanctions based on its claim that Abash=s petition allegations lacked evidentiary support. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 10.001(3). Its burden was, therefore, to establish that there was no evidentiary support for the allegations in Abash=s petition. It was not required to also prove that Abash=s pleading was presented for any improper purpose, including harassment, delay, or increasing the cost of litigation, as that was not the violation that Bug Master alleged to have occurred. *See id.* ' 10.001(1). Thus, the district court abused his discretion by basing his order on an erroneous view of the law.

We will not reverse the court=s order, however, if the controlling findings of fact will support a correct legal theory. *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.CAustin 1999, pet. denied); *see also University of Tex. v. Bishop*, 997 S.W.2d 350, 356-57 (Tex. App.CFort Worth 1999, pet. denied). The district court=s conclusions of law also stated that A[b]ased on the evidence admitted at trial and set forth above in the findings of fact, Bugmaster failed to sustain its burden under Chapter 10, Texas Civil Practice and Remedies Code.@ A trial court=s conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Stable Energy*, 999 S.W.2d at 547; *Bishop*, 997 S.W.2d at 356-57. In his uncontested findings of fact, the district court found: AThere was evidentiary support for ABASH=s contention that Bugmaster had tortiously interfered with the employment agreements between ABASH and its employees,@ and Athere was evidentiary support for ABASH=s contention that Bugmaster had acquired ABASH=s confidential and proprietary information from Sauer and was using such information to ABASH=s detriment.@ These findings were not challenged on appeal and support the district court=s conclusion that Bug Master failed to sustain its burden; that is, the

5

court found that Abash=s main contentions had some evidentiary basis. *See Herring*, 27 S.W.3d at 143 (party seeking sanctions must establish that there is little or no basis for claims). Thus, although the district court may have erroneously subjected Bug Master to a higher standard than required to obtain sanctions, we hold that the underlying, uncontested findings of fact support the court=s denial of sanctions on other grounds. The court therefore did not abuse his discretion in denying the motion for sanctions. Bug Master=s first issue is overruled.

By its second issue, Bug Master contends that the district court erred in concluding that because Bug Master did not timely supplement its discovery responses, evidence of attorney=s fees must be excluded. We need not reach this issue because we have already held that the court did not abuse his discretion in denying Bug Master=s motion for sanctions. Therefore, the issue of whether the district court erred in excluding evidence regarding the amount of attorney=s fees incurred by Bug Master is not necessary to the disposition of this case. *See* Tex. R. App. P. 47.1. We dismiss it as moot.[2]

## CONCLUSION

---

[2] In its brief, Abash requests that this Court impose a sanction against Bug Master under rule 45 of the rules of appellate procedure. *See* Tex. R. App. P. 45. We overrule Abash=s request.

We hold that the district court=s uncontested findings of fact support its conclusion that Bug Master failed to sustain its burden under chapter 10 of the civil-practice-and-remedies code, and the district court did not abuse his discretion in denying Bug Master=s motion for sanctions. We therefore affirm the district court=s judgment.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   December 31, 2002

Do Not Publish