TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00048-CV







Bug Master Exterminating Service, Inc., Appellant



v.



Abash Exterminating, Inc., Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 99-00846, HONORABLE PAUL DAVIS, JUDGE PRESIDING





 

 Appellee Abash Exterminating, Inc. ("Abash") sued its former employee for breach
of an employment agreement and appellant Bug Master Exterminating Service, Inc. ("Bug Master")
for unfair competition. Bug Master filed a motion for sanctions against Abash, and Abash
subsequently nonsuited Bug Master. Following a trial to the court, the court rendered judgment that
Abash take nothing by its claims against its former employee and denied Bug Master's motion for
sanctions. By two issues, Bug Master appeals from the judgment denying its motion for sanctions. 
We will affirm the judgment.


BACKGROUND (1)

 After Jack L. Sauer, a former Abash employee, began employment with Bug Master,
an Abash competitor, Abash sued Sauer to enforce an employment agreement that included
noncompetition and nondisclosure covenants. Several months later, Abash added Bug Master as a
defendant, alleging that it had interfered with Abash's business relations and engaged in unfair
competition by using Abash's trade secrets, which Bug Master obtained when it hired Sauer. Sauer
counterclaimed, seeking a declaration that the employment agreement's noncompetition clause was
void. Sauer also sought attorney's fees. Bug Master filed a motion for sanctions, alleging that no
evidentiary support existed for the material assertions made by Abash and requesting reasonable
expenses, attorney's fees, and costs for "inconvenience, harassment and out-of-pocket expenses
incurred in connection with this litigation." 

 Several months after Bug Master filed its motion, Abash nonsuited its case against
Bug Master. A trial to the court commenced on March 21, 2000. On October 29, 2001, the trial
court rendered judgment, declaring the noncompetition clause in Abash's employment agreement
void and awarding attorney's fees to Sauer. The district court also denied Bug Master's motion for
sanctions. Bug Master requested and the court filed findings of fact and conclusions of law "as to
Bug Master." This appeal followed.


DISCUSSION

 By its first issue, Bug Master contends that the district court erred in denying its
motion for sanctions based on the erroneous conclusion that Bug Master was required to show
harassment or bad faith in order to recover sanctions under chapter 10 of the civil-practice-and-remedies code. The pertinent part of the statute provides:


The signing of a pleading or motion as required by the Texas Rules of Civil
Procedure constitutes a certificate by the signatory that to the signatory's best
knowledge, information, and belief, formed after reasonable inquiry:



 the pleading or motion is not being presented for any improper purpose,
including to harass or to cause unnecessary delay or needless increase in the cost
of litigation;



 . . . . 



 each allegation or other factual contention in the pleading or motion has
evidentiary support or, for a specifically identified allegation or factual
contention, is likely to have evidentiary support after a reasonable opportunity
for further investigation or discovery . . . .




Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2002). A party may move for sanctions for a
violation of section 10.001. Id. § 10.002 (West 2002). 

 The conclusion of law about which Bug Master complains states: "Chapter 10, Texas
Civil Practice and Remedies Code, requires Bugmaster to prove that the petition filed against
BugMaster was filed for an improper purpose, including harassment, delay, or increasing the cost
of litigation." Where the trial court issues findings of fact and conclusions of law, we treat the
court's findings with the same force and dignity as a jury's verdict upon jury questions and review
its conclusions of law de novo. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991);
Black v. City of Killeen, 78 S.W.3d 686, 691 (Tex. App.--Austin 2002, pet. denied). We rely on the
fact finder to resolve disputed facts and accord those facts the same status as if they were determined
by a jury. Black, 78 S.W.3d at 691. 

 We review a trial court's decision to grant or deny a motion for sanctions under an
abuse-of-discretion standard. Herring v. Welborn, 27 S.W.3d 132, 143 (Tex. App.--San Antonio
2000, pet. denied). In order for a party seeking sanctions to prevail, there must be little or no basis
for claims, no grounds for legal arguments, misrepresentation of law or facts, or legal action that is
sought in bad faith. Id. When reviewing a trial court's finding under the abuse-of-discretion
standard, we may not substitute our judgment for that of the trial court. Schlager v. Clements, 939
S.W.2d 183, 191 (Tex. App.--Houston [14th Dist.] 1996, writ denied). Rather, we are limited to
determining whether the trial court abused its discretion by either (1) acting arbitrarily and
unreasonably, without reference to guiding rules or principles, or (2) misapplying the law to the
established facts of the case. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985); Schlager, 939 S.W.2d at 191. A trial court abuses its discretion in imposing (or denying)
sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment
of the evidence. Monroe v. Grider, 884 S.W.2d 811, 816 (Tex. App.--Dallas 1994, writ denied). 
In deciding whether the imposition or denial of sanctions constitutes an abuse of discretion, we
examine the entire record. Herring, 27 S.W.3d at 143. 

 Bug Master construes the district court's conclusions of law as imposing an additional
requirement to prevail on its motion for sanctions; that is, Bug Master must establish that Abash's
petition was filed for an improper purpose, such as for harassment or bad faith, in order to prevail
on its motion for sanctions. We agree with Bug Master's contention. Bug Master sought sanctions
based on its claim that Abash's petition allegations lacked evidentiary support. See Tex. Civ. Prac.
& Rem. Code Ann. § 10.001(3). Its burden was, therefore, to establish that there was no evidentiary
support for the allegations in Abash's petition. It was not required to also prove that Abash's
pleading was presented for any improper purpose, including harassment, delay, or increasing the cost
of litigation, as that was not the violation that Bug Master alleged to have occurred. See id.
§ 10.001(1). Thus, the district court abused his discretion by basing his order on an erroneous view
of the law.

 We will not reverse the court's order, however, if the controlling findings of fact will
support a correct legal theory. Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex.
App.--Austin 1999, pet. denied); see also University of Tex. v. Bishop, 997 S.W.2d 350, 356-57
(Tex. App.--Fort Worth 1999, pet. denied). The district court's conclusions of law also stated that
"[b]ased on the evidence admitted at trial and set forth above in the findings of fact, Bugmaster failed
to sustain its burden under Chapter 10, Texas Civil Practice and Remedies Code." A trial court's
conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory
supported by the evidence. Stable Energy, 999 S.W.2d at 547; Bishop, 997 S.W.2d at 356-57. In
his uncontested findings of fact, the district court found: "There was evidentiary support for
ABASH's contention that Bugmaster had tortiously interfered with the employment agreements
between ABASH and its employees," and "there was evidentiary support for ABASH's contention
that Bugmaster had acquired ABASH's confidential and proprietary information from Sauer and was
using such information to ABASH's detriment." These findings were not challenged on appeal and
support the district court's conclusion that Bug Master failed to sustain its burden; that is, the court
found that Abash's main contentions had some evidentiary basis. See Herring, 27 S.W.3d at 143
(party seeking sanctions must establish that there is little or no basis for claims). Thus, although the
district court may have erroneously subjected Bug Master to a higher standard than required to obtain
sanctions, we hold that the underlying, uncontested findings of fact support the court's denial of
sanctions on other grounds. The court therefore did not abuse his discretion in denying the motion
for sanctions. Bug Master's first issue is overruled.

 By its second issue, Bug Master contends that the district court erred in concluding
that because Bug Master did not timely supplement its discovery responses, evidence of attorney's
fees must be excluded. We need not reach this issue because we have already held that the court did
not abuse his discretion in denying Bug Master's motion for sanctions. Therefore, the issue of
whether the district court erred in excluding evidence regarding the amount of attorney's fees
incurred by Bug Master is not necessary to the disposition of this case. See Tex. R. App. P. 47.1. 
We dismiss it as moot. (2)


CONCLUSION

 We hold that the district court's uncontested findings of fact support its conclusion
that Bug Master failed to sustain its burden under chapter 10 of the civil-practice-and-remedies code,
and the district court did not abuse his discretion in denying Bug Master's motion for sanctions. We
therefore affirm the district court's judgment.



 __________________________________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: December 31, 2002

Do Not Publish
1. As no factual-sufficiency issue has been presented, only a brief recitation of the facts is
necessary.
2. In its brief, Abash requests that this Court impose a sanction against Bug Master under rule
45 of the rules of appellate procedure. See Tex. R. App. P. 45. We overrule Abash's request.