Yamaha Suzuki et al v. Martinez















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00239-CV

     YAMAHA SUZUKI OF TEXAS, INC.
     AND W.L.E. ENTERPRISES, INC.,
                                                                              Appellants
     v.

     TROY MARTINEZ,
                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # C-2001-00153
                                                                                                                

DISSENTING OPINION
                                                                                                                

      The sole issue in this appeal is whether the trial court should have imposed sanctions on
the plaintiff, Troy Martinez, and his attorneys. Because a majority of this Court fails to find
that due to the egregious conduct of Martinez and his attorneys the trial court had no option
under the applicable rules other than to render an order for some sanction, I respectfully
dissent.
      Martinez filed a class action petition in Johnson County against Yamaha Motor
Corporation USA and Yamaha Suzuki of Texas (YST) concerning allegedly defective personal
water crafts manufactured and sold by them. He alleged that he owned a 1997 Yamaha
personal water craft which had the alleged defect. Martinez later added W.L.E. Enterprises,
Inc. (WLE) and Yamaha Motor Manufacturing Corporation of America as defendants. He also
added an allegation that he owned a 1996 Yamaha personal water craft which had the same
alleged defect. A year after the first petition was filed, Martinez non-suited defendants
Yamaha Motor Corporation USA and Yamaha Motor Manufacturing Corporation of America. 
Two months later, Martinez non-suited YST and WLE.
      Prior to either of the two non-suits, YST and WLE filed several motions for sanctions
against Martinez and his attorneys. These motions requested sanctions under Rules 13 and 215
of the Texas Rules of Civil Procedure and Chapters 9 and 10 of the Texas Civil Practice and
Remedies Code. YST’s and WLE’s complaints included that Martinez and/or his attorneys
knew: (1) Martinez did not live in Johnson County where the suit was filed; (2) his wife, not
Martinez, owned the 1997 personal water craft alleged in the original petition; (3) Martinez’s
wife sold the 1997 personal water craft two months before the first amended petition was filed;
(4) the statute of limitations had run before the claim regarding the 1996 personal water craft
was added in the first amended petition; and (5) Martinez was ordered to bring certain
documents to his deposition, which he did not do. After two hearings, the trial court denied all
sanction requests.
      Courts should presume parties and their counsel file all papers in good faith, and the party
seeking sanctions must overcome that burden. GTE Communication Sys. Corp. v. Tanner, 856
S.W.2d 725, 731 (Tex. 1993)(orig. proceeding). The imposition of sanctions under Rules 13
and 215 of the Rules of Civil Procedure is within the sound discretion of the trial court. 
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991); Thomas v.
Thomas, 917 S.W.2d 425, 432 (Tex. App.—Waco 1996, no pet.). The purpose of Rule 13 is
not to punish an inadvertent oversight but to check abuses in the pleading process, i.e., to
insure that at the time the challenged pleading was filed, the litigant’s position was factually
well grounded and legally tenable. See Monroe v. Grider, 884 S.W.2d 811, 818 (Tex.
App.—Dallas 1994, writ denied). Further, a legitimate purpose of Rule 215 sanctions is to
obtain compliance. Spohn Hosp. v. Mayer, 104 S.W.3d 878, 882 (Tex. 2003);
TransAmerican, 811 S.W.2d at 917.
      Here, sanctions were appropriate under both rules. See Tex. R. Civ. P. 13 & 215. And
when appropriate, sanctions must be imposed. Tex. R. Civ. P. 13 (“the court . . . shall
impose an appropriate sanctions . . . .”); Tex. R. Civ. P. 215.1(d) (“the court shall . . .
require a party . . . to pay . . . the reasonable expenses incurred . . . .”). If not, the denial of
a sanctions request encourages the very conduct the rules are designed to prevent. As a result
of the majority’s opinion, this Court encourages egregious conduct without fear of sanctions.
      The problem in not upholding a sanction order has caused the same concern to others that
I have in response to this Court’s holding today. The concern is that it encourages trial courts
to take the path of least resistance; deny all sanctions regardless of the nature of the conduct
because the chance of being reversed only happens if sanctions are imposed. In the reverse of
our situation, where a trial court had imposed sanctions and that order was being reversed, the
dissent stated,
Today's decision has far-reaching effects. In the Texas judiciary, numerous practical
considerations discourage imposition of harsh sanctions -- it is always easier to say
"go work it out," to dissuade counsel from bringing heated discovery battles that are
difficult to sort out before the busy trial judge. In the unusual situation where the trial
court takes an interest in such a struggle, follows TransAmerican, and finally says
"Enough!," the majority has now imposed another disincentive. The trial judge who
does nothing about discovery abuse or at most offers a slight slap on the wrist need
never fear review here. Doing too little to ensure that the search for the truth is
meaningful will not justify involvement by this majority. See Walker v. Packer, 827
S.W.2d 833 (Tex. 1992, orig. proceeding) (making it more difficult to obtain timely
review of decisions denying discovery). But if the trial court orders a meaningful
sanction, a full de novo trial in this court is guaranteed. In overturning sanctions in
cases such as this one in which the trial court has found highly egregious conduct, the
majority ensures that trial judges will be further discouraged from taking the time and
trouble to punish bad faith behavior.

Remington Arms Co. v. Caldwell, 850 S.W.2d 167, 177 (Tex. 1993)(Doggett, J.,
dissenting)(emphasis added).
      After reviewing the record, it is clear that because of the flagrant disregard of the pleading
and discovery rules, some amount of sanctions against Martinez and his attorneys was
warranted. There are many claims of conduct which would justify sanctions in this record. I
could take the time to discuss and explain what the evidence as to each is and why there was no
basis for the refusal to impose sanctions. I will, however, not lengthen this dissenting opinion
with such details but will simply mention a couple in passing. At the very least, Martinez
knew that neither he nor his wife owned the 1997 personal water craft after August 28, 2001,
but he continued to affirm under oath after that date that he still owned it. Also, his attorneys
knew certain documents were to be produced at Martinez’s deposition and neither informed
Martinez of this requirement nor produced the documents.
      The contrition of counsel in his brief to this Court and at oral argument cannot excuse the
conduct which was engaged in at the trial court. I would hold that the trial court abused its
discretion in failing to impose some amount of sanctions. YST’s and WLE’s sole issue on
appeal should be sustained, and the trial court’s order denying sanctions should be reversed. 
Because it is not, I respectfully dissent.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed July 14, 2004