# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00364-CV

**T. Christopher Robson, Appellant**

**v.**

**Garrett Gilbreath and David Gilbreath, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-04-002474, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

T. Christopher Robson appeals the trial court's order sanctioning him $10,000 for failure to conduct a reasonable inquiry prior to filing a negligent entrustment claim against appellee David Gilbreath. Robson contends that the negligent entrustment claim was not groundless and that he conducted a reasonable inquiry prior to filing the claim. He also contends that the trial court erred by failing to state the specific reasons for the sanctions in the order and by imposing sanctions absent evidence that he filed the negligent entrustment claim in bad faith or for the purpose of harassment. We affirm.

Robson represented plaintiffs in a lawsuit against appellees David Gilbreath and Garrett Gilbreath. The lawsuit concerned an automobile accident that occurred in February 2004

during which a vehicle driven by Garrett Gilbreath struck and killed Elizabeth Daley, the mother and wife of plaintiffs. Plaintiffs asserted claims against Garrett Gilbreath for negligence and against Garrett's father, David Gilbreath, "for negligently entrusting a large vehicle, such as his Chevrolet Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience."

After the first amended petition was filed on November 10, 2004, the parties agreed to postpone taking depositions until the minor children of the estate of Elizabeth Daley were brought into the case and the probate matters of the estate of Elizabeth Daley were resolved. On December 3, 2004, Fred Coogan, attorney for appellees, sent a letter brief to Robson requesting him to dismiss the negligent entrustment claim against David Gilbreath because it was groundless. Coogan attached a copy of Garrett's driver's license and an affidavit from David Gilbreath to the letter brief. Robson contends that he informed Coogan that he would consider nonsuiting the negligent entrustment claim if appellees' deposition testimony did not provide support for the claim.

On August 5, 2005, appellees filed a no-evidence motion for partial summary judgment and a traditional motion for partial summary judgment on the negligent entrustment claim. In the traditional motion for partial summary judgment, appellees requested sanctions against Robson "for filing a groundless claim and/or for failing to nonsuit a groundless claim against Defendant, David Gilbreath." A hearing on the motions for partial summary judgment was originally scheduled for September 1, 2005. However, on August 23, 2005, the parties agreed that Coogan would cancel the summary judgment hearing and that the depositions would be postponed until such time as the probate matters of the estate of Elizabeth Daley were resolved.

2

The probate court signed and approved a judgment declaring heirship and authorizing letters of dependent administration in the estate of Elizabeth Daley on January 24, 2006. On March 22, 2006, Robson filed a motion for continuance of the hearing on appellees' no-evidence motion for partial summary judgment, which was scheduled for March 30, 2006, arguing that appellees had not cooperated with several requests for depositions. The court held a hearing on the motion for continuance on March 30, 2006, and ordered a continuance of the hearing on the motions for partial summary judgment for at least 40 days for the specific purpose of "tak[ing] defendants' depositions."

David Gilbreath and Garrett Gilbreath were deposed on April 14, 2006. Shortly thereafter, plaintiffs nonsuited their claims against David Gilbreath. On May 2, 2006, the trial court held a hearing on appellees' motion for sanctions and found "good cause for sanctions because of the failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing suit." It ordered Robson to pay $10,000 to David Gilbreath. On July 10, 2007, the parties entered into a Rule 11 settlement agreement dismissing the plaintiffs' claims against Garrett Gilbreath. The trial court subsequently entered a take nothing judgment in favor of Garrett Gilbreath.

The only issue in this appeal concerns the trial court's order sanctioning Robson $10,000 for failure to conduct a reasonable inquiry prior to filing suit. A trial court's decision to impose sanctions under Texas Rule of Civil Procedure 13 will not be reversed on appeal unless an abuse of discretion is shown. *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 276 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ denied).

Texas Rule of Civil Procedure 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a pleading that is either (1) groundless and brought in bad faith; or (2) groundless and brought for the purpose of harassment. *See* Tex. R. Civ. P. 13. One purpose of the rule is to check abuses in the pleading process—that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable. *Appleton v. Appleton*, 76 S.W.3d 78, 86 (Tex. App.—Houston 2002 [14th Dist.], no pet.). To determine whether rule 13 sanctions are proper, the trial court must examine the facts and circumstances in existence at the time the pleading was filed. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.).

In his first issue, Robson contends that the trial court erred by granting appellees' motion for sanctions because the claim he filed against David Gilbreath for negligent entrustment was not groundless. Groundlessness turns on the legal merits of a claim. *River Oaks Place Council of Co-Owners v. Daly*, 172 S.W.3d 314, 322 (Tex. App.—Corpus Christi 2005, no pet.). To establish negligent entrustment of an automobile, a plaintiff must prove the following elements: (1) the owner entrusted the automobile, (2) to a person who was an unlicensed, incompetent, or reckless driver, (3) who the owner knew or should have known was incompetent or reckless, (4) the driver was negligent, and (5) the driver's negligence proximately caused the accident and the plaintiff's injuries. *De Blanc v. Jensen*, 59 S.W.3d 373, 375-76 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)). An entrustee's previous driving record or driving habits may show incompetence, recklessness, or intemperance. *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. Civ. App.—Houston [14th Dist.] 1970,

4

no writ). Equal or greater credence may be attached to the mental or physical condition of an entrustee at the time he is loaned an automobile. *Id.*

In this case, Robson did not allege that Garrett Gilbreath was an unlicensed or incompetent driver or that David Gilbreath knew or should have known that Garrett was an unlicensed or incompetent driver. Rather, he filed the negligent entrustment claim against David Gilbreath on the basis that David "negligently entrust[ed] a large vehicle, such as his Chevrolet Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience." Mere involvement in a collision does not create an inference or conclusion that a driver is incompetent or reckless. *Monroe*, 884 S.W.2d at 818. Furthermore, evidence that a driver is inexperienced, without more, does not permit an inference that the driver lacked judgment or perception or was otherwise an incompetent driver. *See Aboushadid v. Ward*, No. 07-05-00140-CV, 2007 Tex. App. LEXIS 885, at *8-9 (Tex. App.—Amarillo Feb. 5, 2007, no pet.) (holding that evidence of sixteen-year-old driver's inexperience does not permit inference that she lacked judgment or perception or was otherwise an incompetent driver to support a negligent entrustment claim against the driver's parents). Prior to filing the first amended petition, Robson received one set of interrogatories from Garrett Gilbreath in which Garrett disclosed that he was "taking prescription medication" at the time of the accident. Robson contends that this discovery led him to believe that the prescription medication may have impaired Garrett's driving and that David Gilbreath may have known of this impairment—facts that, if true, would tend to support a claim of negligent entrustment. However, Robson did not allege these facts as the basis for the negligent entrustment claim. Instead, he filed the claim on the basis that David Gilbreath entrusted his large vehicle to an inexperienced driver.

5

This asserted claim has no basis in law or fact. Therefore, we hold that the trial court did not abuse its discretion in determining that the negligent entrustment claim asserted against David Gilbreath was groundless.

In his second issue, Robson contends that he conducted a reasonable inquiry prior to filing the negligent entrustment claim. Reasonable inquiry means the amount of examination that is reasonable under the circumstances of the case. *Monroe*, 884 S.W.2d at 817. Robson contends that he "pursued all avenues of investigation that were open and reasonable at the time, including obtaining the full, investigation file of the Austin Police Department, numerous witness statements, the medical examiners' report and personal inspection of the accident scene." Having reviewed the record, we conclude that the trial court did not abuse its discretion by concluding that Robson did not conduct a reasonable inquiry prior to filing the negligent entrustment claim. As discussed above, at the time Robson filed his first amended petition, he had not uncovered any facts tending to show that Garrett Gilbreath was an unlicensed, incompetent, or reckless driver or that David Gilbreath knew or should have known that Garrett was an incompetent or reckless driver. The issue of whether Garrett was taking prescription medication at the time of the accident that would impair his driving (he was not) was not investigated until the defendants were deposed in April 2006. This inquiry should have occurred before Robson filed a negligent entrustment claim against David Gilbreath. The trial court did not abuse its discretion in determining that Robson failed to conduct a reasonable inquiry.

In his third and fourth issues, Robson contends that the trial court abused its discretion by failing to state the specific reasons for the sanctions in the order and by imposing sanctions absent evidence that he filed the claim in bad faith or for the purpose of harassment.

In imposing rule 13 sanctions, the trial court is required to state the particulars of good cause justifying sanctions in the order. *See* Tex R. Civ. P. 13. Failure to comply with this directive is an abuse of discretion. *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). In this case, the trial court did not state the particulars of good cause for sanctions, such as whether the negligent entrustment claim was groundless and brought in bad faith or groundless and brought for the purpose of harassment. The order awarding sanctions against Robson states:

> the Court, after considering said Motion, the response, the pleadings on file, the evidence, and arguments of counsel, finds good cause for sanctions because of the failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing suit.

However, because Robson did not object to the form of the sanctions order, he has waived any objection to the absence of a bad faith or harassment finding. *See Mecom*, 28 S.W.3d at 135; *Land v. AT & S Transp. Inc.*, 947 S.W.2d 665, 667 (Tex. App.—Austin 1997, no writ). Thus, we consider whether the record contains any evidence to support an *implied* finding that the claim was brought in bad faith or for the purpose of harassment. *See Mecom*, 28 S.W.3d at 136; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ).

A party acts in bad faith when discovery puts him on notice that his understanding of the facts may be incorrect, and he does not make reasonable inquiry into the facts before filing a

7

pleading. *Monroe*, 884 S.W.2d at 819. Improper motive is an essential element of bad faith. *Elkins*, 103 S.W.3d at 669. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Id.*

As previously discussed, Robson asserted a groundless claim of negligent entrustment against David Gilbreath and failed to conduct a reasonable inquiry into the facts before filing his first amended petition. Robson's contention that Garrett's interrogatory answers led him to believe that there was a factual basis for the negligent entrustment claim based on Garrett's use of prescription medication at the time of the accident does not support or explain Robson's filing of the first amended petition, which alleged a claim of negligent entrustment on wholly different grounds (i.e., that David Gilbreath negligently entrusted a large vehicle to an inexperienced driver). Robson's failure to make a reasonable inquiry into the facts supporting a negligent entrustment claim before filing the claim supports the district court's implied finding of bad faith. *See Monroe*, 884 S.W.2d at 819. A party cannot avoid rule 13 sanctions by claiming he was not actually aware of the facts making his claim groundless when he has not made reasonable inquiry, nor can a party avoid rule 13 sanctions by claiming he was not acting with malicious or discriminatory purpose in bringing the claim. *Id.* The sanctions imposed by the trial court are supported by Robson's failure to make

8

a reasonable inquiry into the facts supporting the claim that he filed. On this record, we cannot conclude that the district court abused its discretion in imposing sanctions against Robson.[1]

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
   Dissenting Opinion by Justice Patterson

Affirmed on Motion for Rehearing

Filed: August 1, 2008

---

[1] The dissent bases its conclusions on the notion that the trial court did not hold an evidentiary hearing and did not have before it any evidence that Robson filed his negligent entrustment claim in bad faith. Robson did not raise the lack of an evidentiary hearing as a point of error on appeal. The likely reason Robson did not raise this as a point of error is that a hearing on the motion for sanctions was held before the trial court on May 2, 2006, and the trial court did consider evidence. The hearing was recorded, and the reporter's record of the hearing is in the appellate record. The evidence considered by and expressly referenced by the trial court at the hearing was the evidence attached to the motion for sanctions and the trial court's file. Robson did not object to any of the evidence attached to the motion nor the trial court's consideration of that evidence or the court's file. In any event, we are not at liberty to reverse a trial court judgment for a reason not raised in a point of error unless the error is jurisdictional or fundamental. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). As for evidence of bad faith, the record reflects that the trial court had before it sufficient evidence for the court to find bad faith, both circumstantial and direct. The circumstances surrounding Robson's filing as revealed in the record would allow the trial court, in its discretion, to conclude that the filing was made in bad faith.

9